Nicholas J. Nowak (*pro hac vice*)
Lauren A. Watt (*pro hac vice*)
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 New York Ave., NW
Washington, D.C. 20005
Telephone: (202) 371-2600
Facsimile: (202) 371-2540
nnowak@sternekessler.com
lwatt@sternekessler.com

*Attorneys for Defendant Automobili Lamborghini S.p.A.*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Blair, | No: CV-22-1439-PHX-ROS |
| *Plaintiff*, | |
| v. | |
| Automobili Lamborghini S.p.A., | **DEFENDANT'S MOTION TO DISMISS UNDER FED. R. CIV. P. 12(B)(6)** |
| *Defendant*. | |

**TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................. 1

II.   STATEMENT OF RELEVANT FACTS ............................................................. 2

III.  LEGAL STANDARD ........................................................................................... 3

    A.   Federal Rule of Civil Procedure 12(b)(6) ................................................... 3

    B.   Declaratory Judgment 28 U.S.C. § 2201 .................................................... 4

    C.   Cybersquatting and Reverse Domain Name Hijacking ............................. 4

IV.   ARGUMENT ........................................................................................................ 5

    A.   Count I Fails Because Blair Is Not the Initial Registrant
        and Cannot Seek Relief under § 1114(2)(D)(V) ....................................... 5

    B.   To the Extent Count II Pleads a Federal Question, It Is
        Duplicative of Count I ................................................................................ 8

V.    CONCLUSION ................................................................................................... 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Adelman v. Rheem Mfg. Co.*,
 No. 15–cv–00190, 2015 WL 4874412 (D. Ariz. Aug. 14, 2015) ................... 10

*AIRFX.com v. AirFX LLC*,
 No. CV 11-01064-PHX-FJM, 2012 WL 3638721 (D. Ariz. Aug. 24, 2012) ................................................................................................................ 6

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ........................................................................................ 3

*Balistreri v. Pacifica Police Dep't*,
 901 F.2d 696 (9th Cir.1988) ........................................................................... 3

*Benson v. Mun. Ct., of California*,
 878 F.2d 1438 (9th Cir. 1989) ........................................................................ 4

*Butts v. IndyMac Bancorp*,
 No. 10-00097 ODW (FFMx), 2010 WL 11597611 (C.D. Cal. Mar. 26, 2010) ................................................................................................ 10

*Concorde Eq. II, LLC v. Miller*,
 732 F. Supp. 2d 990 (N.D. Cal. 2010) .......................................................... 10

*Conservation Force v. Salazar*,
 646 F.3d 1240 (9th Cir. 2011) ........................................................................ 3

*GoPets Ltd. v. Hise*,
 657 F.3d 1024 (9th Cir. 2011) ........................................................... 5, 6, 7, 8

*Gustafson v. Alloyd Co., Inc.*,
 513 U.S. 561 (1995) ........................................................................................ 7

*Mangindin v. Wash. Mut. Bank*,
 637 F. Supp. 2d 700 (N.D. Cal. 2009) .......................................................... 10

*Metropolitan Life Ins. Co. v. Taylor*,
 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987) ...................................... 9

*Ness & Campbell Crane, Inc. v. Kleppe*,
    No. 3:17-cv-01865-HZ, 2018 WL 1702049 (D. Or. Apr. 5,
    2018) .................................................................................................................. 10

*Perez v. Midland Funding, LLC*,
    No. 10-CV-01916, 2010 WL 4117461 (N.D. Cal. Oct. 19, 2010) .................... 3

*Proulx v. NRIP LLC*,
    No. CV-21-01211-PHX-DJH, 2021 WL 4894320 (D. Ariz. Oct.
    20, 2021) ............................................................................................................ 4

*Schroeter v. Wells Fargo Bank*,
    No. 12cv2052 AJB (JMA) (AMENDED), 2012 WL 12848430
    (S.D. Cal. Nov. 29, 2012) ................................................................................ 10

*Shroyer v. New Cingular Wireless Servs., Inc.*,
    622 F.3d 1035 (9th Cir. 2010) ........................................................................... 3

*Stock W., Inc. v. Confederated Tribes of the Colville Reservation*,
    873 F.2d 1221 (9th Cir. 1989) ....................................................................... 4, 9

*Strong College Students Moving Inc. v. College Hunks Hauling
    Junk Fran. LLC*,
    No. CV-12-01156-PHX-DJH, 2015 WL 12602438 (D. Ariz.
    May 15, 2015) .................................................................................................... 5

*Swartz v. KPMG, LLC*,
    401 F. Supp. 2d 1146 (W.D. Wash. 2004) ........................................................ 8

*Swartz v. KPMG LLP*,
    476 F.3d 756 (9th Cir. 2007) ........................................................................... 10

**Statutes**

15 U.S.C. § 1125(d)(1) ....................................................................................... *passim*

15 U.S.C. § 1125(d)(1)(A)(ii)(I)-(II) ................................................................... 5, 6

15 U.S.C. § 1114(2)(D)(ii)(II) .................................................................................. 5

15 U.S.C. § 1114(2)(D)(v) ................................................................................. *passim*

28 U.S.C. § 2201 ................................................................................................. 4, 9

28 U.S.C. § 2201(a) ................................................................................................. 4

Anticybersquatting Consumer Protection Act ................................................*passim*

Declaratory Judgment Act ....................................................................................... 4, 9

**Other Authorities**

F.R.C.P. 12(b)(1) ............................................................................................................ 8

F.R.C.P. 12(b)(6) ............................................................................................ 1, 2, 3, 10

Rules for Uniform Domain Name Dispute Resolution Policy ................................ 4

## I. INTRODUCTION

Plaintiff Richard Blair ("Blair") has filed this action seeking declaratory relief pursuant to 15 U.S.C. § 1114(2)(D)(v) to establish that Blair's registration and use of the domain name <Lambo.com> ("Disputed Domain") is not unlawful under the Anticybersquatting Consumer Protection Act ("ACPA"). Blair's suit is in response to an Administrative Panel Decision from the World Intellectual Property Office (WIPO) against Blair that ordered the Disputed Domain be transferred to Defendant Automobili Lamborghini S.p.A. ("Defendant" or "Lamborghini"). Blair asks this Court to declare that, contrary to the WIPO panel decision, his registration and use of the Disputed Domain is not unlawful under the ACPA, § 15 U.S.C. 1125(d). But when properly analyzed under established Ninth Circuit law, it is clear that any relief under 15 U.S.C. § 1114(2)(D)(v) and § 15 U.S.C. 1125(d)(1) is available only to the original registrant of a disputed domain—and Mr. Blair is admittedly not that. Indeed, Mr. Blair contends that he purchased the Disputed Domain from the original registrant in 2018. Am. Compl. at ¶ 9. Because this is not a curable defect, Lamborghini asks the Court to dismiss Count I with prejudice under Rule 12(b)(6).

Blair also seeks a declaratory judgment under Count II that he is the "rightful owner" of the Disputed Domain. As an initial matter, it is unclear what Blair means by "rightful" owner. There is no controversy that Blair is the owner of the Disputed Domain—indeed Blair never alleges anywhere in his Complaint that there is such a controversy. Moreover, Blair fails to identify any federal law under which he is seeking declaratory relief that he is the "rightful" owner under Count II. To the extent Blair is

somehow contending that his claim to be the "rightful" owner is properly resolved pursuant to 15 U.S.C. § 1114(2)(D)(v) or § 15 U.S.C. 1125(d)(1), even though that term has no apparent legal meaning under either statute, Count II is entirely duplicative of the remedy sought under Count I and thus should also be dismissed under Rule 12(b)(6).

## II.     STATEMENT OF RELEVANT FACTS

Lamborghini is an Italian manufacturer of high-performance sports cars based in Sant'Agata Bolognese, Italy. The company was founded in 1963 by Ferruccio Lamborghini as Automobili Ferruccio Lamborghini. Lamborghini is the owner of a number of national and international trademarks for "LAMBORGHINI" and "LAMBO" and is the owner of the domain name <lamborghini.com>. Both "LAMBORGHINI" and "LAMBO" are well-known, world famous trademarks. "Lambo" is also a commonly used abbreviation of the Defendant's LAMBORGHINI trademark.

The Disputed Domain was first registered on March 5, 2000 by John F. Lambeth. Am. Compl. at ¶10; *see Automobili Lamborghini S.p.A. v. Domain Administrator*, *SeePrivacyGuardian.org / Richard Blair* Case No. D2022-1570 at 2 (cited in ¶ 27 of the Am. Compl.). According to the Amended Complaint, the Disputed Domain was later acquired by Blair in February 2018. Am. Compl. at ¶ 9. On April 29, 2022, Lamborghini filed a domain dispute under the Uniform Domain Name Dispute Resolution Policy ("UDRP") to recover the domain name. *Id*. at ¶ 25. In that proceeding, Lamborghini argued that the Disputed Domain name is identical or confusingly similar to its trademark and that Blair had not used the Disputed Domain name in connection with a *bona fide* offering of goods and services. *See Automobili Lamborghini S.p.A.,* Case No. D2022-

1570 at 2. The panel agreed, and on August 2, 2022, it entered a decision ordering that the Disputed Domain be transferred to Lamborghini. *Id*. at 5-10. Specifically, the panel found that (1) Blair lacked rights or legitimate interests in the Disputed Domain name and (2) that the Disputed Domain name was registered and used in bad faith by Blair. *Id*.

Plaintiff now seeks declaratory relief adverse to the panel's decision that (1) his registration of the Disputed Domain was not unlawful under § 15 U.S.C. 1125(d)(1) and (2) that he is the rightful owner of the Disputed Domain.

### III.   LEGAL STANDARD

**A.  Federal Rule of Civil Procedure 12(b)(6)**

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a claim. *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011). A district court's dismissal for failure to state a claim under Rule 12(b)(6) is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1988). To survive a motion to dismiss, a plaintiff's complaint must have sufficient facts "to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc*., 622 F.3d 1035, 1041 (9th Cir. 2010). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). When the pleading cannot possibly be cured by the allegation of other facts, it can be dismissed with prejudice. *See Perez v. Midland Funding, LLC*, No. 10-CV-01916, 2010 WL 4117461, at *2 (N.D. Cal. Oct. 19, 2010).

### B. Declaratory Judgment 28 U.S.C. § 2201

The Declaratory Judgment Act permits a federal court to "declare the rights and other legal relations" of the parties to an actual case or controversy. 28 U.S.C. § 2201(a). However, "the Declaratory Judgment Act is not an independent source of federal jurisdiction." *Benson v. Mun. Ct., of California*, 878 F.2d 1438 (9th Cir. 1989) (*quoting Levin Metals Corp. v. Parr–Richmond Terminal Co.*, 799 F.2d 1312, 1315 (9th Cir.1986)). "To obtain declaratory relief in federal court, there must be an independent basis for jurisdiction." *Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989) (finding federal question jurisdiction did not exist where 28 U.S.C. § 2201 was the only cited basis for jurisdiction).

### C. Cybersquatting and Reverse Domain Name Hijacking

"The UDRP governs all registrars." *Proulx v. NRIP LLC*, No. CV-21-01211-PHX-DJH, 2021 WL 4894320, at *1 (D. Ariz. Oct. 20, 2021) (holding that the owner of a trademark or service mark may file an administrative complaint under the UDRP if the registrant has registered or acquired a domain name in bad faith). The complainant in a UDRP proceeding is required to provide the name of the domain name holder, who then becomes the respondent in the proceeding.[1]

Under the ACPA, specifically 15 U.S.C. § 1114(2)(D)(v), a UDRP determination can be challenged in federal district court. The court may grant injunctive relief to the

---

[1] *See* Rules for Uniform Domain Name Dispute Resolution Policy at 3(b)(v) (approved on 28 Sept. 2013) https://www.icann.org/resources/pages/udrp-rules-2015-03-11-en.

domain name registrant, including the reactivation of the domain name or transfer of the domain name to the domain name registrant. 15 U.S.C. § 1114(2)(D)(v). To prevail on a claim under § 1114(2)(D)(v), a plaintiff must prove four elements: "(1) plaintiff is a domain name registrant; (2) plaintiff's domain name was suspended, disabled, or transferred under a policy implemented by a registrar as described in 15 U.S.C. § 1114(2)(D)(ii)(II); (3) the trademark owner prompting the domain name to be transferred has notice of the action; and (4) plaintiff's use or registration of the domain name is not unlawful. *Strong College Students Moving Inc. v. College Hunks Hauling Junk Fran. LLC*, No. CV-12-01156-PHX-DJH, 2015 WL 12602438, at *8 (D. Ariz. May 15, 2015). In determining whether a plaintiff's use or registration was not unlawful, § 1114(2)(D)(v) "requires a court to determine whether a party is in compliance with § 1125(d)." *Id*. In turn, § 1125(d)(1)(A) prohibits cyber squatters from registering domain names when the name is identical or confusingly similar to a mark that is distinctive at the time of registration. *GoPets Ltd. v. Hise*, 657 F.3d 1024, 1026 (9th Cir. 2011).

**IV.   ARGUMENT**

    **A. Count I Fails Because Blair Is Not the Initial Registrant and Cannot Seek Relief under § 1114(2)(D)(V)**

Section 1114(2)(D)(v) grants a domain name registrant faced with an adverse UDRP decision the right to file a civil action for declaratory relief to determine whether his domain name registration is lawful. Courts assess the lawfulness of the registration under § 1125(d)(1)(A). *Strong College Students*, 2015 WL 12602438 at *8. This analysis includes whether "at the time of registration of the domain name," the domain name is

identical or confusingly similar to a distinctive trademark. 15 U.S.C. § 1125(d)(1)(A)(ii)(I)-(II). The Ninth Circuit has interpreted "registration," as it is used in § 1125, to mean the *initial* registration of the domain name. *GoPets*, 657 F.3d at 1031.

In *GoPets*, the court specifically assessed "whether the term 'registration' applies only to the initial registration of the domain name, or whether it also applies to a re-registration of a currently registered domain name by a new registrant." *Id*. at 1026. Regarding the § 1125(d) analysis, the trademark owner had already conceded that the disputed domain name was not "identical or confusingly similar" to a protected trademark when it was first registered; instead, it argued that there was an existing trademark when the domain was "re-registered" several years later. *Id*. at 1030. Thus, the trademark owner tried to assert that "registration" under the ACPA included "re-registrations" as well as initial registrations. *Id*. But the Ninth Circuit found that "Congress meant 'registration' to refer only to the initial registration." *Id*. at 1031. As a result, the subsequent owner's "re-registration" of the domain name "was *not* a registration within the meaning of § 1125(d)(1)," and because there was no trademark at the time of the initial registration, the re-registration did not violate § 1125(d)(1). *Id*. at 1032 (emphasis added); *see also AIRFX.com v. AirFX LLC*, No. CV 11-01064-PHX-FJM, 2012 WL 3638721, at *4 (D. Ariz. Aug. 24, 2012) (rejecting the argument that the ruling in *GoPets* is distinguishable when the subsequent domain name owner is an unrelated third party to the initial registrant).

In light of the Ninth Circuit's interpretation of § 1125(d)(1), it follows that the lawfulness inquiry under § 1114(2)(D)(v) must also refer exclusively to the initial

registration of the domain name. To find otherwise would be to open the door to inconsistent interpretations of the same term in the ACPA. *See Gustafson v. Alloyd Co., Inc.*, 513 U.S. 561, 570 (1995) (noting that "identical words used in different parts of the same act are intended to have the same meaning."). Thus, looking at the language in § 1114(2)(D)(v) in light of *GoPets*, the right to file a civil action is given to "a domain name registrant" in order to establish that the *initial* registration or use of the domain name "*by such registrant* is not unlawful under this chapter." (emphasis added). The language "by such registrant" makes clear that the registrant can only establish the lawfulness of his own registration or use, not the registration or use of another. 15 U.S.C. § 1114(2)(D)(v). It follows that if the only registration that can be considered for lawfulness under § 1125(d)(1) is the *initial* registration, then the "domain name registrant"—and thus the only person entitled to bring an action under this section—is the domain name's *original* registrant. In other words, interpreting "registration" to include re-registrations so that subsequent domain owners can bring an action under § 1114(2)(D)(v) would ask the court to assess lawfulness as of the date of the re-registration and would thus allow an inconsistent and prejudicial interpretation of the statutes.

As admitted in the Complaint, Blair did not initially register the domain name; instead, he acquired it in 2018.[2] Am. Compl. at ¶¶ 9, 16. Blair has amended his complaint

---

[2] Blair does not allege that he actually "used" the domain name. Indeed, he admits that while he "initially planned on developing the website [to] showcase his various interests and exploits in a personal and professional capacity[,] [t]hose plans were subsequently delayed and abandoned." Am. Compl. at ¶ 11. Regardless, even if Blair had used the domain name, he is not the original registrant and thus cannot

to assert that both Lambeth's original registration in 2000 and Blair's later acquisition and use do not violate the ACPA. But that does not resolve the issue. According to the language of § 1114(2)(D)(v), when analyzed in light of both *GoPets* and § 1125(d)(1), the "domain name registrant" entitled to declaratory relief under § 1114(2)(D)(v) is exclusively the original registrant of the disputed domain. That is not Blair. Consequently, the Complaint fails to state a claim upon which relief can be granted and should be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6). Because Blair cannot amend the Complaint to allege that he is the initial registrant, the Complaint should be dismissed with prejudice.

### B. To the Extent Count II Pleads a Federal Question, It Is Duplicative of Count I

In Count II of the Amended Complaint, Blair seeks a declaratory judgment that he is the "rightful owner" of the Disputed Domain. Am. Compl. at ¶ 58. There is no dispute that Blair currently owns the Disputed Domain, and Blair never contends that there is. If that is the entirety of Blair's claim under Count II—that he "owns" the Disputed Domain—then it should be dismissed under F.R.C.P. 12(b)(1) for lack of standing. However, what Blair means by "rightful" owner is entirely unclear from the Amended Complaint. Further compounding its ambiguity, Count II "is completely lacking in any citation to statutory or case authority or any other legal basis on which the requested relief might be granted." *Swartz v. KPMG, LLC*, 401 F. Supp. 2d 1146, 1155 (W.D. Wash. 2004) (reversed-in-part on other issues). A federal law must create the cause of bring a claim under § 1114(2)(D)(v).

action or be an element of a plaintiff's claim for the court to have federal question jurisdiction. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987) ("It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law."). Citing 28 U.S.C. § 2201 is not enough, because the Declaratory Judgment Act "only creates a remedy and is not an independent basis for jurisdiction." *See Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). Thus, without a federal question, Blair's allegations under Count II lack subject matter jurisdiction. *Id*.

If Blair intends for the federal law in Count II to be the ACPA—which is not explicitly stated under Count II but which counsel for Blair has seemed to suggest—then it is unclear how Count II is any different than Count I. More specifically, if Count I seeks a declaratory judgment to "establish that the registration and Plaintiff's use of the Disputed Domain is not unlawful under the ACPA" (Am. Compl. at ¶¶ 1, 55), and if Count II seeks a declaratory judgment that Blair is "the rightful owner of the Disputed Domain" under the ACPA[3] (*id*. at ¶ 58), then the requested remedy of Count I merely mirrors that of Count II. Moreover, the Amended Complaint seems to conflate "unlawful" and "rightful" in its assertion of subject matter jurisdiction under 15 U.S.C. § 1114(2)(D)(v) and 28 U.S.C. § 2201. Am. Compl. at ¶ 4.

Where the declaratory relief sought is duplicative of other claims in the complaint,

---

[3] The term "rightful owner" is not used in the ACPA and has no apparent legal meaning under the ACPA.

1  declaratory relief is not warranted. *See*, *e.g., Swartz v. KPMG LLP*, 476 F.3d 756, 766
2  (9th Cir. 2007) ("To the extent [plaintiff] seeks a declaration of defendant's liability for
3  damages sought for his other causes of action, the claim is merely duplicative and was
4  properly dismissed."); *Schroeter v. Wells Fargo Bank*, No. 12cv2052 AJB (JMA)
5  (AMENDED), 2012 WL 12848430, at *5 (S.D. Cal. Nov. 29, 2012) (finding that
6  declaratory relief was not warranted where relief sought was duplicative of remaining
7  claims); *Butts v. IndyMac Bancorp*, No. 10-00097 ODW (FFMx), 2010 WL 11597611, at
8  *5 (C.D. Cal. Mar. 26, 2010) (holding that "a claim for declaratory relief is unnecessary
9  where an adequate remedy exists under some other cause of action."); *Adelman v. Rheem*
10 *Mfg. Co.*, No. 15–cv–00190, 2015 WL 4874412, at *8 (D. Ariz. Aug. 14, 2015) (granting
11 motion to dismiss where declaratory judgment "would serve no useful purpose"); *Ness &*
12 *Campbell Crane, Inc. v. Kleppe*, No. 3:17-cv-01865-HZ, 2018 WL 1702049, at *7 (D.
13 Or. Apr. 5, 2018) (dismissing second claim for relief because it was duplicative of the
14 first claim for relief); *Mangindin v. Wash. Mut. Bank*, 637 F. Supp. 2d 700, 707 (N.D.
15 Cal. 2009) ("A claim for declaratory relief is unnecessary where an adequate remedy
16 exists under some other cause of action.").

17      Because Count II fails to state separate plausible claim for relief separate from
18 Count I, it should be dismissed under Rule 12(b)(6). *See, e.g., Concorde Eq. II, LLC v.*
19 *Miller*, 732 F. Supp. 2d 990, 1003 (N.D. Cal. 2010) (dismissing cause of action that was
20 "identical to the relief sought in the other viable causes of action, and the resolution of
21 those causes of action would afford Plaintiff the exact relief sought in the cause of action
22 for declaratory relief"). Alternatively, if not dismissed as duplicative, Count II fails to

state a plausible claim for the same reasons as Count I, and therefore should be dismissed because Blair is not the original registrant of the Disputed Domain. *See supra* Section IV. A.

## V.     CONCLUSION

For all the foregoing reasons, Defendant Lamborghini respectfully requests this Court grant its motion to dismiss.

Dated: March 30, 2023                                Respectfully submitted,

By: /s/ *Nicholas J. Nowak*
Nicholas J. Nowak (*pro hac vice*)
Lauren A. Watt (*pro hac vice*)
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 New York Ave., NW
Washington, D.C. 20005
Telephone: (202) 371-2600
Facsimile: (202) 371-2540
nnowak@sternekessler.com
lwatt@sternekessler.com

*Attorneys for Defendant Automobili Lamborghini S.p.A.*

## NOTICE OF CERTIFICATION OF CONFERRAL

I certify that, pursuant to Local Rule 12.1(c) and the Court's February 17, 2023 Order requiring parties to meet and confer prior to filing 12(b) motions, the parties met and conferred on February 28, 2023 regarding deficiencies in the original Complaint. Plaintiff subsequently amended the Complaint, but the amendments did not fully resolve the issues identified by the Defendant. Defendant gave written notice to Plaintiff of its intention to move forward with its motion to dismiss the Amended Complaint and specified the grounds for this motion. Plaintiff's counsel confirmed that it would not seek to amend the Amended Complaint, thereby requiring Defendant to file this motion.

Dated: March 30, 2023

By: /s/ *Nicholas J. Nowak*
Nicholas J. Nowak (*pro hac vice*)
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 New York Ave., NW
Washington, DC 20005
Telephone: (202) 371-2600
Facsimile: (202) 371-2540
nnowak@sternekessler.com

# **CERTIFICATE OF SERVICE**

This is to certify that on March 30, 2023, a true and correct copy of the foregoing was filed electronically using the Clerk of Court's CM/ECF system, which will provide notice to all counsel of record. It was also served by electronic mail on the following counsel of record:

> Brett E. Lewis
> LEWIS & LIN LLC
> 77 Sands Street, 6th Floor
> Brooklyn, NY 11201
> Telephone: (718) 243-9323
> Facsimile: (718) 243-9326
> brett@iLawco.com
>
> *Attorney for Plaintiff Richard Blair*

Dated: March 30, 2023

By: /s/ *Nicholas J. Nowak*
Nicholas J. Nowak (*pro hac vice*)
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 New York Ave., NW
Washington, DC 20005
Telephone: (202) 371-2600
Facsimile: (202) 371-2540
nnowak@sternekessler.com

*Attorney for Defendant Automobili Lamborghini S.p.A.*