Exhibit A



Shuyu Wang <shuyu@ilawco.com>

---

## RE: Blair v. Lamborghini || Joint Stip for Extension of Time

**Brett Lewis** <brett@ilawco.com>                                    Tue, Feb 28, 2023 at 3:28 PM
To: "Nicholas J. Nowak" <NNOWAK@sternekessler.com>
Cc: Shuyu Wang <shuyu@ilawco.com>, Lauren Watt <lwatt@sternekessler.com>

Agree to extend due date. We will amend.

Best,
Brett



Brett E. Lewis, Esq.
Lewis & Lin, LLC
77 Sands St., 6th Floor
Brooklyn, NY 11201
(718) 243.9323, Ext. 2

iLawco.com  |  TrademarkAttorneys.com  |  Defamation.nyc

This electronic message transmission contains information from this law firm which may be confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited.

> On Feb 28, 2023, at 3:15 PM, Nicholas J. Nowak <NNOWAK@sternekessler.com> wrote:
>
> Brett – thanks for the email.  We still don't believe that the defect we've identified in the complaint can be cured by amendment but clearly you see it differently.  In that case, we propose that you file an amended complaint that you believe cures the defects we've identified.  And since our response is due tomorrow, we also propose that the parties enter into a stipulation extending our due date to answer or otherwise respond until 21 days after you've filed your amended complaint.  Please let us know your thoughts.
>
> Best,
> Nick
>
> <image001.png>
> **Nick Nowak**
> Director
> **Sterne, Kessler, Goldstein & Fox P.L.L.C.**
> **Email:** nnowak@sternekessler.com
> **Direct:** 202.772.8972
>
> **IP Assistant-TAG:** Earnesteen Ginn-White
> **Direct:** 202.772.8574   **Main:** 202.371.2600

**From:** Brett Lewis <brett@ilawco.com>
**Sent:** Tuesday, February 28, 2023 2:47 PM
**To:** Nicholas J. Nowak <NNOWAK@sternekessler.com>
**Cc:** Shuyu Wang <shuyu@ilawco.com>; Lauren Watt <lwatt@sternekessler.com>
**Subject:** Re: Blair v. Lamborghini II Joint Stip for Extension of Time

| EXTERNAL EMAIL: Use caution before clicking links or attachments. |
|---|

Lauren — Prior to our meet and confer call, we were not provided with the basis for your proposed motion to dismiss. Having had a chance to review the statute and the *Go Pets* case, we do not see that there is even an argument, much less a pleading defect that cannot be cured here. What *Go Pets* says is that for purposes of    15 USC 1125(d)(1), which concerns an inquiry into the defendant's intent *at the time of a domain name's registration*, a latter conveyance of a domain name is not a "registration."  Only the original registration of a domain name counts for purposes of the § 1125(d)(1) analysis. In other words, where a domain name is registered by party A, and later conveyed to party B, party B takes all rights in ownership of that domain name that party A possessed, including the original registration date. There can be only one *registration*. Hence, the defendant/registrant's intent would be judged by the original registration date.

Yet, that is completely inapposite to the language of § 1114(2)(D)(v), which states:

A domain name registrant whose domain name has been suspended, disabled, or transferred under a policy described under clause (ii)(II)  may, upon
   notice to the mark owner, file a civil action to establish that the *registration* or *use* of the domain name by such registrant is
        not unlawful under this chapter.

As a preliminary matter, this statutory scheme flows from the Uniform Domain Name Dispute Resolution Policy ("UDRP") Rule 4(k), which expressly allows for domain name decisions to be suspended, pending the outcome of a *de novo* decision by a court of competent jurisdiction. In filing a UDRP Complaint, your client submitted itself to be bound by the UDRP process, which includes independent determination by the Court. Your client cannot both receive the benefit of participating in the UDRP process, and at the same time, seek to undermine one of the most fundamental aspects of that process, which is that either party can seek judicial intervention at any point during or after the process — including, significantly, the rights of a domain name registrant to seek judicial relief in the event of an adverse decision. There is no basis in law for your position that Lamborghini and other prevailing complainants during a UDRP process can simply side-step a contractual obligation and system designed to protect the rights of domain name registrants.

Beyond that, Section 1114(2)(D)(v) in no way limits or excludes a domain name registrant, who is not the original registrant, from seeking declaratory relief. The statute first allows relief to be sought to establish that either registration **or** use of a domain name is not unlawful under the Act.  Hence, registration is not the only basis on which relief may be sought.  Further, § 1114(2)(D)(v) refers to "the registration" of the domain name by the registrant. Since our client steps into the shoes of the original registrant under *Go Pets*, the registration at issue here is *that* registration. The original registration date of <Lambo.com> was March 5, 2000. It would make no sense for the statute to reference both the registration of the domain name and the registrant in the same sentence, if the registrant could not register the domain name.  If Congress had intended to limit the rights to declaratory relief under this section, it could easily have restricted the right to seek such relief to "original" registrants. It did not.  Moreover, the very inquiry in which the *Go Pets* court engaged was a determination whether there was a bad faith

registration of the <GoPets.com> domain name, based upon its original registration date. The Court cannot be precluded from engaging in the very same analysis in a declaratory relief claim brought under Section 1114(2)(D)(v). Our client seeks a declaration that the registration of the <Lambo.com> domain name and his subsequent use of it were not in bad faith. He is in no way precluded from doing so by *Go Pets*.

Whereas *Go Pets* held that registrants of acquired domain names had expansive property rights, your argument would turn that case on its head, using it to deprive domain property owners of the right to seek declaratory relief against trademark claims.  Having had the opportunity to review the authority that you mentioned during our meet and confer, I no longer agree that there is an alleged pleading defect that could not be cured through amendment. If your issue is *Go Pets*, we could address your concerns about the registration to which our client seeks declaratory relief, and also clarify that he seeks such relief over the original registration of the domain name and his subsequent use of such name.

Further, we could cure any alleged defect by pleading a declaratory judgment claim under 28 U.S.C. § 2201.  As such, there is no basis for Lamborghini to proceed with its proposed motion to dismiss under FRCP 12(b)(6), and doing so would both constitute a violation of the Court's Order [ECF 17], as well as be without basis in fact or law — it would be the definition of a frivolous motion.

I am available if you wish further to discuss the matter, and any possible amendments that you would feel might address your concerns.

This email is not intended as a complete statement of our position, and we reserve the right to expand upon or introduce additional arguments in response to any possible motion to dismiss.

Regards,


Brett E. Lewis, Esq.
Lewis & Lin, LLC
77 Sands St., 6th Floor
Brooklyn, NY 11201
(718) 243.9323, Ext. 2


iLawco.com  |  TrademarkAttorneys.com |  Defamation.nyc

This electronic message transmission contains information from this law firm which may be confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited.




On Feb 27, 2023, at 8:50 AM, Nicholas J. Nowak <NNOWAK@sternekessler.com> wrote:


Brett – Let us know when you have time for a call.  Our deadline to file is Wednesday.

Nick

<image001.png>
**Nick Nowak**
Director
**Sterne, Kessler, Goldstein & Fox P.L.L.C.**
**Email:** nnowak@sternekessler.com
**Direct:** 202.772.8972

**IP Assistant-TAG:** Earnesteen Ginn-White
**Direct:** 202.772.8574   **Main:** 202.371.2600

---

**From:** Brett Lewis <brett@ilawco.com>
**Sent:** Saturday, February 25, 2023 4:37 PM
**To:** Nicholas J. Nowak <NNOWAK@sternekessler.com>
**Cc:** Shuyu Wang <shuyu@ilawco.com>; Lauren Watt <lwatt@sternekessler.com>
**Subject:** Re: Blair v. Lamborghini II Joint Stip for Extension of Time

> **EXTERNAL EMAIL:** Use caution before clicking links or attachments.

Hi Nicholas,

I am returning from being out of the office for a week and my schedule offer the next couple of work dates will be brutal.  I can try for some time on Tuesday, but I will have to let you know when I get back to the office.

In oner twenty years of practicing in this field, I have never had an ACPA declaratory judgment claim dismissed, and can only recall one other time that someone even tried -- so I am of course interested to learn what basis you believe warrants dismissal of the Complaint, and which could not be cured by amendment.

Regards,
Brett

On Thu, Feb 23, 2023 at 12:45 PM Nicholas J. Nowak <NNOWAK@sternekessler.com> wrote:

> Brett – We're planning on filing a 12(b)(6) motion to dismiss Mr. Blair's complaint.  We don't believe that the defect can be cured by amendment but per the judge's order we request a meet and confer either tomorrow or Monday afternoon.  Please let us know your availability.
>
> Regards,
> Nick
>
> <image001.png>
> **Nick Nowak**
> Director
> **Sterne, Kessler, Goldstein & Fox P.L.L.C.**

**Email:** nnowak@sternekessler.com
**Direct:** 202.772.8972

**IP Assistant-TAG:** Earnesteen Ginn-White
**Direct:** 202.772.8574   **Main:** 202.371.2600

---

**From:** Nicholas J. Nowak
**Sent:** Thursday, February 2, 2023 3:48 PM
**To:** 'Brett Lewis' <brett@ilawco.com>
**Cc:** Shuyu Wang <shuyu@ilawco.com>; Lauren Watt <lwatt@sternekessler.com>
**Subject:** Blair v. Lamborghini II Joint Stip for Extension of Time

Brett – please see attached draft stip and proposed order.  Please let me know if you have any edits.

Regards,
Nick


<image002.png>     **Nick Nowak**
                   Director
                   **Sterne, Kessler, Goldstein & Fox P.L.L.C.**
                   1100 New York Avenue, NW, Washington, DC 20005
                   <image001.png>
                   **Email:** nnowak@sternekessler.com
                   **Direct:** 202.772.8972
                   **IP Assistant-TAG:** Earnesteen Ginn-White
                   **Main:** 202.371.2600   **Direct:** 202.772.8574

Exhibit B



Shuyu Wang <shuyu@ilawco.com>

## Blair v. Lamborghini

**Brett Lewis** <brett@ilawco.com>                                    Tue, Mar 28, 2023 at 9:49 PM
To: Lauren Watt <lwatt@sternekessler.com>
Cc: Shuyu Wang <shuyu@ilawco.com>, "Nicholas J. Nowak" <NNOWAK@sternekessler.com>

Lauren,

What I wrote in my email of March 24 still stands. You have not made any non-frivolous arguments regarding the points raised, therein.

The Count II declaratory judgment claim speaks for itself.  Congress carved out certain types of proceedings from 28 U.S.C. § 2201 — seeking declaratory relief under the Lanham Act is not one of those proceedings.

We have no intention of further amending the First Amended Complaint.

Regards,
Brett



Brett E. Lewis, Esq.
Lewis & Lin, LLC
77 Sands St., 6th Floor
Brooklyn, NY 11201
(718) 243.9323, Ext. 2


iLawco.com  |  TrademarkAttorneys.com  |  Defamation.nyc

This electronic message transmission contains information from this law firm which may be confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited.

> On Mar 28, 2023, at 6:33 PM, Lauren Watt <lwatt@sternekessler.com> wrote:
>
> Brett—Following up on my earlier email. Please confirm that the parties are at an impasse.
>
> ---
>
> **From:** Lauren Watt
> **Sent:** Monday, March 27, 2023 8:26 PM
> **To:** 'Brett Lewis' <brett@ilawco.com>
> **Cc:** Shuyu Wang <shuyu@ilawco.com>; Nicholas J. Nowak <NNOWAK@sternekessler.com>
> **Subject:** RE: Blair v. Lamborghini
>
> Brett—
>
> Regarding Count I, our position is that because Mr. Blair is not the initial registrant, his use does not trigger relief under § 1114(2)(D)(v) nor can he seek relief for an initial registration that was not his. Moreover, the Amended Complaint alleges that Mr. Blair abandoned his plans to use the domain name. Am. Compl. at ¶ 11.

Regarding Count II, it is unclear what the Amended Complaint means by "rightful owner."Moreover, Count II appears entirely duplicative of Count I. Count II does not state any other federal law under which Mr. Blair is seeking relief, and it is well settled that the Declaratory Judgment Act is not an independent source of federal subject matter jurisdiction. So it is unclear to us what distinct remedy Mr. Blair is seeking in Count II and what the legal basis is for that remedy.

Please confirm whether Mr. Blair intends to amend his complaint or if the parties are at an impasse on these issues.

Regards,
Lauren

---

**From:** Brett Lewis <brett@ilawco.com>
**Sent:** Friday, March 24, 2023 2:18 PM
**To:** Lauren Watt <lwatt@sternekessler.com>
**Cc:** Shuyu Wang <shuyu@ilawco.com>; Nicholas J. Nowak <NNOWAK@sternekessler.com>
**Subject:** Re: Blair v. Lamborghini

| EXTERNAL EMAIL: Use caution before clicking links or attachments. |
| --- |

Lauren,

We will wait to review your motion before making a final determination, but the arguments that you are putting forth appear to be wholly without merit and advanced solely for the purpose of increasing the costs of litigation of a much smaller opponent. Please be forewarned that if, upon review, the motion appears to have been filed without factual or legal basis and for an improper purpose, we will seek relief pursuant to Rule 11.

With respect to Count I, your argument fails to address any of the changes to the Amended Complaint. Among other points, you fail to address the *use* component of our request for declaratory relief, and the fact that we are seeking a declaration of rights based on the *original*registration of the disputed domain name. Plaintiff is seeking a declaration under § 1114(2)(D)(v) that its use of the Disputed Domain is not unlawful. Even if your registration argument were correct — which it clearly is not — the statute allows Plaintiff to seek a declaration that his *use* of the Disputed Domain is not unlawful. The declaratory relief clause is the mirror image of 15 U.S.C. § 1125(d), which makes it a violation for a person to register, traffic in or **_use_** a domain name that is distinctive at the time of its registration with the bad faith intent to profit off of the mark. Even if you were correct that Plaintiff lacks standing to seek declaratory relief because he did not register the domain name within the meaning of the statute — which you are not — he has standing to seek declaratory relief because he used it and has been accused of having both registered and used it in bad faith by your client.

As to Count II, we state: "[a] dispute exists between Plaintiff and Defendant concerning Plaintiff's right to acquire and use the Disputed Domain.  As a consequence of the dispute, an actual and justiciable controversy exists between Plaintiff and Defendant. . . As set forth above, Plaintiff is entitled to a declaratory judgment that he is the *rightful* owner of the Disputed Domain." (emphasis added) Are you conceding that our client is the *rightful* owner of the Disputed Domain?  That would seem to be inconsistent with your stated intention to file a motion to dismiss, and to assert a defense to the action, but if I am mistaken and your client is not contesting ownership, please let me know. To the extent that you intend to misrepresent the plain wording of the second cause of action and omit the word "rightful" from our pleadings, you are free to make your own choices, but we will seek appropriate relief from the Court.

Regards,

Brett E. Lewis
Partner

<image001.jpg>

77 Sands Street, 6th Floor | Brooklyn, NY 11201
tel. (718) 243-9323, Ext. 2
Direct (347) 414-8601
Brett@iLawco.com | iLawco.com | TrademarkAttorneys.com
This electronic message transmission contains information from this law firm which may
be confidential or privileged. The information is intended to be for the use of the individual or entity
named above. If you are not the intended recipient, be aware that any disclosure, copying,
distribution or use of the contents of this information is prohibited.

On Mar 24, 2023, at 9:38 AM, Lauren Watt <lwatt@sternekessler.com> wrote:

Brett—

We intend to file a motion to dismiss Count I of the Amended Complaint on the
continuing issue that Blair is not the initial registrant and thus cannot seek relief under §
1114(2)(D)(v). We will also move to dismiss Count II on the grounds that there is no
dispute that Blair owns the domain. Thus there is no case and controversy for Count II.

For clarity, Defendant no longer intends to raise the two alternative issues discussed on
our previous meet and confer (i.e., [1] failure to allege that the initial registration was
lawful and [2] failure to allege that Blair actually registered the disputed domain).

Regarding Count I, we assume that there is no change in your position from our prior
meet and confer, but if you do not believe that the parties are at an impasse, please let
us know your availability for a meet and confer. Similarly, unless you believe the parties
are at an impasse regarding Count II, please let us know your availability to discuss.

Regards,
Lauren
<image001.png>
**Lauren A. Watt**
Director
**Sterne, Kessler, Goldstein & Fox P.L.L.C.**
**Email:** lwatt@sternekessler.com
**Direct:** 202.772.8864

*Notice: The information in this electronic transmission (including any attachments) may contain confidential or legally privileged information and is intended solely for the individual(s) or entity(ies) named above. If you are not an intended recipient or an authorized agent, you are hereby notified that reading, distributing, or otherwise disseminating or copying, or taking any action based on the contents of this transmission is strictly prohibited. Any unauthorized interception of this transmission is illegal under the law. If you have received this transmission in error, please immediately notify the sender by return email and then destroy all copies of the transmission.*

Exhibit C

 **LEWIS & LIN LLC**
▶▶▶ INTERNET LAW COUNSEL

Shuyu Wang <shuyu@ilawco.com>

## Blair v. Lamborghini, Case No. 2:22-cv-01439-ROS: FRCP Rule 11 Letter

**Shuyu Wang** <shuyu@ilawco.com>                                             Wed, Apr 5, 2023 at 11:46 AM
To: "Nicholas J. Nowak" <NNOWAK@sternekessler.com>, Lauren Watt <lwatt@sternekessler.com>
Cc: Brett Lewis <brett@ilawco.com>

Counsel,

Please see attached Plaintiff's letter prepared pursuant to Fed. R. Civ. P. 11 in regards to Defendant's motion to dismiss (ECF No. 23).

Best regards,
Shuyu

 **LEWIS & LIN LLC**
▶▶▶ INTERNET LAW COUNSEL

**Shuyu Wang**
Lewis & Lin LLC
77 Sands Street, 6th Floor  |  Brooklyn, NY 11201
office (718) 243-9323  |  fax (718) 243-9326  |  direct (929) 387-4678
iLawco.com  |  TrademarkAttorneys.com  |  Defamation.nyc

This electronic message transmission contains information from this law firm which may be confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited.

📄 **2023.4.5 Blair v. Lamborghini - Rule 11 Letter.pdf**
268K

# LEWIS & LIN LLC

Brett E. Lewis
David D. Lin

———

Michael D. Cilento
Michael Druckman
Jane J. Jaang
Roberto Ledesma
Savita Sivakumar*
Rachel Ann Stephens*
Shuyu Wang

———

 * admitted in Washington, D.C. only

77 Sands Street, 6th Floor
Brooklyn, NY 11201

Tel: (718) 243-9323
Fax: (718) 243-9326

www.iLawco.com

Writer's email: Brett@iLawco.com

April 4, 2023

<u>**VIA EMAIL AND REGULAR MAIL**</u>
Nicholas J. Nowak
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 New York Ave., NW
Washington, DC 20005
nnowak@sternekessler.com

*Re: Blair v. Lamborghini, Case No. 2:22-cv-01439-ROS*

Dear Mr. Nowak,

I regret the circumstances under which I have to send this letter, but the substantive deficiencies in your client's motion to dismiss (ECF No. 23) ("Motion") are too great to avoid us taking this measure to prevent forcing our client to expend significant resources responding to such a Motion that never should have been filed in the first instance.

Judge Silver's order makes it clear that Rule 12(b)(6) motions to dismiss are discouraged if, upon the parties' meet and confer, the defect in the pleading can be cured by filing an amended pleading. *See* Order (ECF No. 17). For the reasons below, the Motion, filed with a total disregard of Plaintiff's substantial amendments and distortion of the operative statutes and case law, is meritless.

15 U.S.C. § 1114(2)(D)(v) allows a domain name registrant whose domain name has been suspended, disabled, or transferred to file a civil action to establish that the *registration* or *use* of the domain name by such registrant is not unlawful. The Anti-cybersquatting Protection Act ("ACPA") provides similar routes to examine whether the *registration*, *trafficking-in*, or *use* of a domain name violates a mark owner's rights. 15 U.S.C. § 1125(d)(1)(A)(ii). The relevant

# LEWIS & LIN LLC

sections of the ACPA address flip sides of the same notion – that parties may challenge the rightfulness of the *registration* or *use* of a disputed domain name, or may seek a declaration that such registration or use was not unlawful.

In the initial complaint (ECF No. 1) ("Complaint"), Plaintiff sought declaratory relief under the ACPA that his registration, acquisition, and use of the disputed domain name at issue, <lambo.com> ("Domain Name"), was not unlawful. Plaintiff's first amended complaint (ECF No. 21, "FAC"), filed after the parties' first meet-and-confer, makes clear that the declaration sought by Plaintiff's extends to both the initial registration of the Domain Name and its use by Plaintiff. *See* FAC ¶ 8, 9, 12-16, 22-24, 39-42. Yet, despite multiple exchanges of calls and emails, Defendant repeatedly ignores the "use" prong under the ACPA, and contends that Plaintiff cannot seek relief because he was not the "initial registrant" of the Domain Name. Defendant's failure to address what is plainly a fatal defect in Defendant's argument is inexplicable, unless viewed from the perspective that Defendant's intent in filing the motion to dismiss has nothing to do with filing a meritorious motion. The Motion glosses over Plaintiff's allegations of use and falsely states that Plaintiff does not allege any actual use of the Domain Name. *See* Motion at 7, fn. 2. It also fails to address that the FAC, as amended, explicitly seeks a declaration that the original registration of the Domain Name was not unlawful, as the purchaser of a domain name acquires all rights possessed by the original owner.

Defendant's position in the Motion is also disingenuous – it goes against Defendant's allegations in the administrative Complaint that Lamborghini filed against Plaintiff under the Uniform Domain Name Dispute Resolution Policy, *Automobili Lamborghini S.p.A. v. Domain Administrator*, SeePrivacyGuardian.org / Richard Blair Case No. D2022-1570 ("UDRP Proceeding"). In the UDRP Proceeding, Defendant sought a decision that Plaintiff's **registration and use** of the Domain Name were in bad faith. Defendant even states this in its motion. Motion at 3.  Specifically, it was Defendant that characterized Plaintiff's acquisition of the Domain Name as a "registration," and characterized his offering of the Domain Name for sale as a bad-faith use. Notwithstanding its contractual commitment to be bound by the UDRP's rules, further addressed below, Defendant is now seeking to receive the benefits of a UDRP decision, where it argued that Mr. Blair registered the Domain Name in bad faith, while seeking to deny Plaintiff the right to *de novo* adjudication of Defendant's claims, based on a tortured interpretation of the language of the ACPA. Plaintiff either registered the Domain Name or he did not – Defendant cannot have it both ways.

Further, Defendant's contention that Plaintiff cannot invoke 15 U.S.C. § 1114(2)(D)(v) also goes against the rules and policy underlying UDRP Rule 4(k), to which Defendant agreed to be bound when filing the UDRP. Rule 4(k) allows a complainant or respondent to submit the dispute to a court of competent jurisdiction for independent resolution before such mandatory administrative proceeding is commenced or after such proceeding is concluded, which is exactly what Plaintiff did. If following Defendant's misunderstanding of *GoPets*, only the initial registrant had the right to challenge a UDRP decision, the UDRP scheme granting the right to a party at dispute to seek judicial review of the administrative decision would be rendered pointless. If only original registrants could challenge adverse decisions in court, Plaintiff would be deprived of his contractual right to seek judicial redress.  By initiating the UDRP Proceeding, Defendant is contractually bound by the UDRP Policy and all obligations therein. Defendant's

# LEWIS & LIN LLC

attempt to side-step its contractual obligations under the UDRP, in contravention of Rule 4(k), cannot stand.  Followed to its logical conclusion, Defendant's argument would deprive a large and growing number of domain name owners of the protections of the UDRP system, to seek *de novo* judicial review of disputes over rights in a domain name. A UDRP complainant would be free to allege registration and use of a domain name in bad faith, but oppose a claim for declaratory relief on the grounds that no such registration occurred.

What's more, as Plaintiff's counsel repeatedly pointed out, Defendant's major legal support, *GoPets Ltd. v. Hise*, 657 F.3d 1024 (9th Cir. 2011), does not support Defendant's argument that the ACPA only applies to the "initial" registrant of a domain name. The "registration" inquiry in *GoPets* focuses on the <u>timing</u> of the registration to determine whether the domain name infringed upon a then-protected trademark, yet *GoPets* makes no ruling on whether a person counts as the "initial registrant" if he/she acquires the domain name subsequently. Instead, *GoPets* finds that there is "no basis in ACPA to conclude that a right that belongs to an initial registrant of a currently registered domain name is lost when that name is transferred to another owner." *Id.* at *3. In the Motion, Defendant concedes that the initial registrant has the right to invoke 15 U.S.C. § 1114(2)(D)(v). As such, under *GoPets*, Plaintiff, as the transferee of the Domain Name and all rights possessed by the original registrant, should possess *the same right* to seek declaratory relief. Defendant even distorts *GoPets* and the statutory language of 15 U.S.C. § 1114(2)(D)(v)—claiming that only the *initial* registrant is granted a cause of action—even though the statute makes no mention of the word "initial." *See* Motion at 7. Interestingly, Defendant concedes in its Motion that a registrant can trigger 15 U.S.C. § 1114(2)(D)(v) by seeking to establish the lawfulness of his own use—which Plaintiff did—but goes on to ignore the "use" prong under the statute in the rest of the Motion.

If Defendant does not withdraw the Motion within the 21-day grace period provided by Rule 11, we will have no choice but file the enclosed motion, with a detailed memorandum and declaration, seeking sanctions against your clients and your firm.

Very truly yours,

Brett E. Lewis, Esq.

Enclosure:     Notice of Motion pursuant to FRCP 11

1
2
3
4
5
6
7
8                      **UNITED STATES DISTRICT COURT**
9                          **DISTRICT OF ARIZONA**
10
11

12   Richard Blair,                          Case No.: 2: 22-01439-PHX-ROS
13                 Plaintiff,
14                                            **PLAINTIFF'S NOTICE OF MOTION**
15   vs.                                      **FOR SANCTIONS PURSUANT TO**
                                              **FED. R. CIV. P. 11**
16   Automobili Lamborghini S.p.A.,
17                 Defendant.
18
19          **PLEASE TAKE NOTICE**, that upon the accompanying (1) declaration of Brett

20   E. Lewis, Esq. dated April __, 2023, and the exhibits attached thereto, (2) memorandum

21   of law, and (3) all other papers, pleadings, and proceedings heretofore had and filed

22   herein, Plaintiff Richard Blair ("Plaintiff"), by and through their undersigned counsel,

23   will move in this Court at the United States District Court for the District of Arizona,

24   Sandra Day O'Connor U.S. Courthouse, Suite 624, 401 West Washington Street, SPC 59,

25   Phoenix, Arizona 85003, before the Honorable Roslyn O. Silver, on April __, 2023 at

26   9:30 AM or as soon thereafter as counsel can be heard, for an Order pursuant to Fed. R.

27
28

Civ. P. 11, Section 1927 of Title 28 of the United States Code, and/or in the Court's

inherent power, imposing sanctions in the form of attorney's fees and expenses against

Defendants Automobili Lamborghini S.p.A. ("Defendant") and Defendant's counsel for

signing and submitting the Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) [ECF No.

23] with frivolous legal arguments, such that it was filed to harass Plaintiffs and to

increase their litigation costs; and granting such other and further relief as this Court

deems just and proper.

     **PLEASE TAKE FURTHER NOTICE**, that pursuant to Fed. R. Civ. P. 11(c)(2),

the undersigned used its best effort to resolve informally the matters raised in this

submission, but was not able to do so.

Dated: April __, 2023
       Brooklyn, NY

                  Respectfully submitted,

                  **LEWIS & LIN LLC**

                  */s/ Brett E. Lewis_____*
                  Brett E. Lewis (*pro hac vice*)
                  77 Sands Street, 6th Floor
                  Brooklyn, NY 11201
                  Tel: (718) 243-9323
                  Fax: (718) 243-9326
                  brett@iLawco.com

                  *Attorneys for Plaintiff*

Exhibit D



Shuyu Wang <shuyu@ilawco.com>

## Blair v. Lamborghini, Case No. 2:22-cv-01439-ROS: FRCP Rule 11 Letter

Nicholas J. Nowak <NNOWAK@sternekessler.com>                    Wed, Apr 26, 2023 at 5:31 PM
To: Brett Lewis <brett@ilawco.com>
Cc: Lauren Watt <lwatt@sternekessler.com>, Shuyu Wang <shuyu@ilawco.com>

Brett – please see attached.


Nick


**Nick Nowak**
Director
**Sterne, Kessler, Goldstein & Fox P.L.L.C.**
**Email:** nnowak@sternekessler.com
**Direct:** 202.772.8972

**IP Assistant-TAG:** Earnesteen Ginn-White
**Direct:** 202.772.8574   **Main:** 202.371.2600

---

**From:** Shuyu Wang <shuyu@ilawco.com>
**Sent:** Wednesday, April 5, 2023 11:47 AM
**To:** Nicholas J. Nowak <NNOWAK@sternekessler.com>; Lauren Watt <lwatt@sternekessler.com>
**Cc:** Brett Lewis <brett@ilawco.com>
**Subject:** Blair v. Lamborghini, Case No. 2:22-cv-01439-ROS: FRCP Rule 11 Letter

**EXTERNAL EMAIL:** Use caution before clicking links or attachments.

[Quoted text hidden]

---

📄 **4_26_2023 Letter from Nowak to Lewis.pdf**
233K



**Nicholas J. Nowak**
Director
(202) 772-8972
nnowak@sternekessler.com

April 26, 2023

**VIA EMAIL**

Brett E. Lewis
Lewis & Lin LLC
77 Sands Street, 6ᵗʰ Floor
Brooklyn, NY 11201
Brett@iLawco.com

   Re: *Blair v. Automobili Lamborghini S.p.A.*, No. 22-1439-PHX-ROS

Dear Mr. Lewis

   We received your letter dated April 4, 2023, ("Letter") in which you state Plaintiff's intention to file a motion for sanctions under Fed. R. Civ. P. 11 unless Defendant withdraws its Rule 12(b)(6) motion to dismiss Plaintiff's First Amended Complaint ("Amended Complaint"). Defendant recently filed its Reply Brief in support of that motion ("Reply Brief"), which responds to each of the arguments you advance in your Letter in support of the contemplated sanctions motion. As set forth in that brief—and summarized below—Plaintiff's arguments have no basis in law or fact and ignore fatal deficiencies in the Amended Complaint that preclude him from stating a plausible claim for relief under 15 U.S.C. § 1114(2)(D)(v).

   As Defendant's Reply Brief explained, the Amended Complaint not only fails to allege facts required to state a claim for relief under § 1114(2)(D)(v) but affirmatively states facts that foreclose Plaintiff's ability to maintain this cause of action. The Amended Complaint fails to allege any facts demonstrating that Plaintiff has registered <Lambo.com> (the "Disputed Domain") or is its "domain name registrant." This is a required element for a § 1114(2)(D)(v) claim. *Strong Coll. Students Moving Inc. v. Coll. Hunks Hauling Junk Franchisng* LLC, 2015 WL 12602438, at *8 (D. Ariz. May 15, 2015). Plaintiff's failure to plead it, standing alone, warrants dismissal. The Amended Complaint, moreover, affirmatively alleges that Plaintiff is not the initial domain name registrant of the Disputed Domain, which, under the Ninth Circuit's decision in *GoPets*, compels the finding that Plaintiff *cannot* qualify as its "domain name registrant." *GoPets Ltd v. Hise*, 657 F.3d 1024, 1031 (9th Cir. 2011) (holding that "register[ing]" a domain name within the meaning of ACPA "refer[s] only to the initial registration").

   These arguments are grounded in the text of § 1114(2)(D)(v) and controlling Ninth Circuit authority. Neither your Letter nor Plaintiff's brief cite on-point, contrary authority refuting these positions. Plaintiff instead offers implausible, competing interpretations of *GoPets* and asserts what are essentially policy positions that rely on non-binding UDRP policy statements. Thus, Plaintiff has not come remotely close to demonstrating how Defendant's arguments are frivolous and warrant sanctions under Rule 11.

April 26, 2023
Page 2


        If Plaintiff intends to raise these same baseless arguments in support of his planned
motion for sanctions, we remind you that the act of filing a Rule 11 motion is itself subject to the
strictures of Rule 11. *Patelco Credit Union v. Sahni*, 262 F.3d 897, 913 (9th Cir. 2001) (quoting
Fed. R. Civ. P. 11, advisory committee's note to 1993 amendment). Rule 11 provides further that
"the court may award to the prevailing party the reasonable expenses, including attorney's fees,
incurred for the [Rule 11] motion." Fed. R. Civ. P. 11(c)(2). Should Plaintiff proceed with filing
his motion, and in the likely event of its denial, Defendant will seek the appropriate relief from
the Court as provided under Rule 11.




                Best regards,



                Nick Nowak

Exhibit E



Shuyu Wang <shuyu@ilawco.com>

---

## Blair v. Lamborghini, Case No. 2:22-cv-01439-ROS: Plaintiff's FRCP Rule 11 Motion
1 message

**Shuyu Wang** <shuyu@ilawco.com>                                     Tue, May 9, 2023 at 5:38 PM
To: "Nicholas J. Nowak" <NNOWAK@sternekessler.com>
Cc: Lauren Watt <lwatt@sternekessler.com>, Brett Lewis <brett@ilawco.com>

Counsel,

Please see attached Plaintiff's motion for sanctions pursuant to Fed. R. Civ. P. 11. Service of the motion by mail under
Rule 5(b)(2)(C) will follow shortly.

Best regards,
Shuyu



**Shuyu Wang**
Lewis & Lin LLC
77 Sands Street, 6th Floor | Brooklyn, NY 11201
office (718) 243-9323 | fax (718) 243-9326 | direct (929) 387-4678
iLawco.com | TrademarkAttorneys.com | Defamation.nyc

This electronic message transmission contains information from this law firm which may be confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited.

---

 **2023.05.09 Blair v. Automobili Lamborghini S.p.A. - Plaintiff's Rule 11 Motion.pdf**
1617K

# USPS Tracking®

FAQs ›

**Remove ✕**

Tracking Number:

## 9505515264693129652014

Copy        Add to Informed Delivery (https://informeddelivery.usps.com/)

## Latest Update

Your item has been delivered to an agent for final delivery in WASHINGTON, DC 20005 on May 12, 2023 at 8:47 am.

**Get More Out of USPS Tracking:**

USPS Tracking Plus®

### Delivered to Agent
**Delivered to Agent for Final Delivery**
WASHINGTON, DC 20005
May 12, 2023, 8:47 am

**Out for Delivery**
WASHINGTON, DC 20005
May 12, 2023, 6:10 am

**Arrived at Post Office**
WASHINGTON, DC 20018
May 12, 2023, 2:17 am

**Departed USPS Regional Destination Facility**
WASHINGTON DC DISTRIBUTION CENTER
May 11, 2023, 9:44 pm

**Arrived at USPS Regional Facility**
WASHINGTON DC DISTRIBUTION CENTER
May 11, 2023, 11:58 am

**Departed USPS Regional Facility**

METRO NY DISTRIBUTION CENTER
May 11, 2023, 3:32 am

**Arrived at USPS Regional Origin Facility**

METRO NY DISTRIBUTION CENTER
May 10, 2023, 5:29 pm

**USPS in possession of item**

BROOKLYN, NY 11201
May 9, 2023, 6:11 pm

**Hide Tracking History**

---

**Text & Email Updates**                                                   ⌄

---

**USPS Tracking Plus®**                                                     ⌄

---

**Product Information**                                                     ⌄

See Less ⌃

Track Another Package

Enter tracking or barcode numbers

# Need More Help?

Contact USPS Tracking support for further assistance.

FAQs