Nicholas J. Nowak (*pro hac vice*)
Lauren A. Watt (*pro hac vice*)
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 New York Ave., N.W.
Washington, D.C. 20005
Telephone: (202) 371-2600
Facsimile: (202) 371-2540
nnowak@sternekessler.com
lwatt@sternekessler.com

*Attorneys for Defendant Automobili Lamborghini S.p.A.*

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Blair,<br><br>*Plaintiff*,<br><br>v.<br><br>Automobili Lamborghini S.p.A.,<br><br>*Defendant*. | No: CV-22-1439-PHX-ROS<br><br>**DEFENDANT'S OPPOSITION TO MOTION FOR SANCTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 11** |

## I. INTRODUCTION

Plaintiff Richard Blair's Rule 11 Motion is nothing more than an improper attempt to re-argue the merits of his Opposition to Defendant Lamborghini's Motion to Dismiss. Instead of adhering to the standard for the imposition of sanctions, Mr. Blair's Motion does little more than repeat and impermissibly expand upon the arguments and positions he has already had a full and fair opportunity to brief before this Court. In doing so, Mr. Blair ignores the high standard for imposing Rule 11 sanctions, which dictates a court should only do so in egregious circumstances. This is not such a circumstance, and while Mr. Blair may disagree with Lamborghini's Motion or think it should be denied, neither is a justification for imposing Rule 11 sanctions.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure No. 11 "recognize[s] that our system of litigation is an adversary one, and that presenting the facts and law as favorably as fairly possible in favor of one's client is the nub of the lawyer's task. Judges therefore should impose sanctions on lawyers for their mode of advocacy only in the most *egregious* situations, lest lawyers be deterred from vigorous representation of their clients." *United Nat. Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1115 (9th Cir. 2001) (emphasis added). Enforcement of the rule must not "impede the traditional ability of the common law to adjust to changing situations." *Golden Eagle Distributing Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1536 (9th Cir. 1986). Nor should it "chill an attorney's enthusiasm or creativity in pursuing factual or legal theories." Fed. R. Civ. P. 11, Notes of Advisory Committee on Rules, 1983 Amendment.

Rule 11 prohibits lawyers from filing papers with the court that are: (1) "presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," or (2) not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law." Fed. R. Civ. P. 11(b)(1)-(2). The Ninth Circuit defines a frivolous claim or pleading for Rule 11 purposes as one that is "legally or factually 'baseless' from an objective perspective" and made without "a

reasonable and competent inquiry." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002); *see also D Stadtler Tr. 2015 Tr. v. Gorrie*, No. CV-22-00314-PHX-DWL, 2023 WL 2503642, at *8 (D. Ariz. Mar. 14, 2023) ("Frivolous filings are 'those that are both baseless and made without a reasonable and competent inquiry.'"). In instances where "there is very little case law on point and a claim raises a novel question, the claim is much less likely to be considered frivolous." *C.W. v. Capistrano Unified Sch. Dist.*, 784 F.3d 1237, 1245 (9th Cir. 2015).

The Ninth Circuit has held that "Rule 11 sets a low bar: It deters 'baseless filings' by requiring a 'reasonable inquiry' that there is some plausible basis for the theories alleged." *Strom v. U.S.*, 641 F.3d 1051, 1059 (9th Cir. 2011). "As long as there is some 'plausible basis,' even a weak one, for the arguments advanced, then Rule 11 sanctions are improper." *Padres Hacia Una Vida Mejor v. Jackson*, No. 1:11-cv-1094 AWI DLB, 2012 WL 6053946, at *1 (E.D. Cal. Dec. 5, 2012) (citing *United Nat.*, 242 F.3d at 1117). Thus, "[c]ourts must 'exercise extreme caution' in imposing Rule 11 sanctions." *Herold v. Andlinger & Co. Inc.*, No. CV18-0011-PHX-DGC, 2018 WL 4742945, at *7 (D. Ariz. Oct. 2, 2018); *see also Operating Engineers Pension Trust v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988) ("Rule 11 is an extraordinary remedy, one to be exercised with extreme caution.").

It is improper to file a Rule 11 motion in order to twice brief and argue one's opposition to a motion to dismiss. As the rule itself succinctly states, Rule 11 motions should not be employed "to emphasize the merits of a party's position." Fed. R. Civ. P. 11, Notes of Advisory Committee on Rules, 1993 Amendment. When a Rule 11 motion is filed for such improper purposes, an opposing party may be awarded the costs of responding to a moving party's motion. *See Robinson v. City of San Bernardino Police Dept.*, 992 F. Supp. 1198, 1208 (C.D. Cal. 1998) (awarding defendant costs of responding to plaintiff's frivolous request for sanctions). Notably, "[a] party defending a Rule 11 motion need not comply with the separate document and safe harbor provisions

when counter-requesting sanctions." *Patelco Credit Union v. Sahni*, 262 F.3d 897, 913 (9th Cir. 2001).

### III.   ARGUMENT

#### A.   Lamborghini's Motion to Dismiss is not frivolous

"[T]o constitute a frivolous legal position for purposes of Rule 11 sanction, it must be clear under existing precedent that there is no chance of success and no reasonable argument to extend, modify or reverse the law as it stands." *Strom*, 641 F.3d at 1059. Mr. Blair does not make this showing, nor can he, as Lamborghini's Motion to Dismiss is based on a reasonable interpretation of applicable law.

##### 1.   Mr. Blair is not the domain name registrant because he did not register the disputed domain.

Section 1114 explicitly provides that a "domain name registrant" may file a civil action seeking a declaration that the registration or use of a domain "by such registrant" is not unlawful. The statutory language of § 1114 when viewed in light of Ninth Circuit precedent in *GoPets Ltd. v. Hise* provides more than ample support for the position set forth by Lamborghini in its Motion to Dismiss. 657 F.3d 1024 (9th Cir. 2011). Mr. Blair is not entitled to declaratory judgment relief under § 1114 because as a subsequent domain name owner who admits that he did not register the disputed domain name, Mr. Blair is not a "domain name registrant." *See* D.I. 23, Motion to Dismiss at 5-8; D.I. 25, Reply Brief at 2-3; D.I. 21, Am. Compl. at ¶¶ 9-10.

Indeed, the very definition of a "registrant" is "one that registers,"[1] thereby making a "domain name registrant" an "individual or entity who registers a domain name."[2] But Mr. Blair did not register the disputed domain name—nor did he "pay[] the registrar a fee," "give[] the registrar a registrant name," or do any of the other things that

---

[1] Registrant, *Merriam-Webster* (2023), https://www.merriam-webster.com/dictionary/registrant

[2] ICANN Acronyms and Terms, *ICANN*, https://www.icann.org/en/icann-acronyms-and-terms/registrant-en.

- 3 -

occur "[w]hen an individual registrant registers a domain name." *GoPets*, 657 F.3d at 1030.

At best, when Mr. Blair allegedly purchased the domain from the registrant, ownership of the domain name was presumably transferred to him. But as the Ninth Circuit concluded in *GoPets*, "registration" under the ACPA refers solely to the "initial registration" and **not** to other activities, such as "transfer[ring] both the domain and payment responsibilities to someone else." *GoPets*, 657 F.3d at 1031; *see* Motion to Dismiss at 6-7; Reply Brief at 3-4.

Mr. Blair agrees, as he must, that the term "registration" as used in the ACPA refers only to the original registration. *See* D.I. 26, Motion for Sanctions ("Mot.") at 7. But Mr. Blair contends that because "registration" and "registrant" are different words, the meaning of the former cannot be imputed to the latter. *Id*. Such a position turns a blind eye to both logic and reality. Indeed, to divorce the meaning of "registrant" from "registration" would be to introduce irreconcilable inconsistency within the text of the ACPA. Mr. Blair's position would also be inconsistent with the Ninth Circuit's acknowledgement of the obvious relationship between the two terms—i.e., "[w]hen an individual *registrant registers* a domain name, she pays the registrar a fee" and "[a]fter *registering*, a *registrant* can take a variety of actions that modify the *registration*." *GoPets*, 657 F.3d at 1030 (emphasis added).

**2.    Because Mr. Blair is not the domain name registrant, his use of the domain does not trigger relief under § 1114**

Mr. Blair also argues that Lamborghini's Motion to Dismiss is frivolous because he separately seeks a declaration that his *use* of the domain is lawful. Mot. at 10-11. But § 1114 is clear that the relevant "use" for triggering a cause of action under the statute is the use "by such [domain name] registrant":

> (v) **A domain name registrant** whose domain name has been suspended, disabled, or transferred under a policy described under clause (ii)(II) may, upon notice to the mark owner, file a civil action to establish that the registration or **use of the domain name by such registrant** is not unlawful under this chapter. The

     court may grant injunctive relief to the domain name registrant, including the reactivation of the domain name or transfer of the domain name to the domain name registrant.

15 U.S.C. § 1114 (2)(D)(v).

As previously discussed, the term "domain name registrant," when analyzed in light of the statute as a whole and the Ninth Circuit's decision in *GoPets*, must be limited to the individual or individuals who registered the initial registration. And the term cannot be interpreted differently, as Mr. Blair seems to contend it should be, depending on whether the term is referring to "registration" or "use" of the domain. Such a reading would lead to inconsistent interpretations of the same term within the same statute. As Mr. Blair admits in his motion, "*GoPets* held that there can only be one 'registration' of a domain name, within the meaning of 15 U.S.C. § 1125(d)." Mot. at 7. If there is only one registration, there can only be one registrant.

If that is the case, the plain language of § 1114 makes it abundantly clear that only the domain name registrant—and no one else—may seek a declaratory judgment that their use of the domain name is lawful under the ACPA. Since Mr. Blair is not the registrant of the disputed domain name, he is, therefore, precluded from doing so.

     **3.**     **Lamborghini's Motion to Dismiss is not inconsistent with UDRP policy**

Contrary to Mr. Blair's assertions (Mot. at 12-14), the submission and pursuit by Lamborghini of its WIPO complaint does not act as a tacit admission that Mr. Blair has statutory standing to bring suit under § 1114. At most, UDRP policy required that Lamborghini agree to submit to the jurisdiction of this court, and jurisdiction is not being contested here.

Moreover, contrary to Mr. Blair's characterization, the language of the UDRP policy does *not* mirror the ACPA. Mot. at 12. The UDRP refers to a domain name

"holder"—§ 1114 does not.³ And it is *federal* law, not the UDRP, that limits who may seek declaratory judgment relief under § 1114.

### 4. The right to seek a declaratory judgment under § 1114 is not a transferable property right

Mr. Blair further asserts that Lamborghini's Motion to Dismiss is frivolous because the *GoPets* court found "no basis in ACPA to conclude that a right that belongs to an initial registrant of a currently registered domain name is lost when that name is transferred to another owner. The general rule is that a property owner may sell all of the rights he holds in property." *GoPets*, 657 F.3d at 1031. But that conclusion was reached in the context of the court's analogy to "traditional property rights" and with regard to its concern over the potential inalienability of domain names resulting from trademarks issued after registration of the domain but before transfer of ownership. *GoPets*, 657 F.3d at 1032.

Unlike *GoPets*, Lamborghini's interpretation of § 1114 does not implicate any "traditional property rights" as such. Indeed, statutory causes of action like the one provided for under § 1114 are not vested property rights. *See, e.g., U.S. v. Mitchell*, 86 F. Supp. 453, 455 (W.D. Mo. 1949) ("[T]he rights of action here involved . . . are statutory causes of action created by Act of Congress from which no vested property right may be asserted."); *Sadler v. W. S. Dickey Clay Mfg. Co.*, 73 F. Supp. 690, 692 (W.D. Mo. 1947) ("The rights here asserted by plaintiffs are not vested property rights. They are rights accruing by virtue of a statute enacted by Congress . . . . [T]he cause of action here asserted for overtime compensation is a statutory cause of action. The plaintiffs have no property right to the benefits of the Fair Labor Standards Act of 1938."); *Jackson v. Resol. GGF OY*, No. 94 C 255, 1997 WL 158319, at *11, n.5 (N.D. Ill. Mar. 31, 1997), aff'd, 136 F.3d 1130 (7th Cir. 1998) (While a cause of action, "whether emanating from contract or common law principles, may constitute property beyond the power of the

---

³ "Uniform Domain Name Dispute Resolution Policy," ICANN (1999) https://www.icann.org/resources/pages/policy-2012-02-25-en.

- 6 -

legislature to take away . . . it is clear that causes of action created by a legislature through statute do not generally constitute vested property rights.").

### 5. Novelty of an argument is not a justification for sanctions

Additionally, Mr. Blair asserts that Lamborghini's position is frivolous because no one has raised the issue before. Mot. at 8. But novelty does not make Lamborghini's argument frivolous. *See Strom*, 641 F.3d at 1059 ("[R]aising a novel issue of law as to which there is no caselaw to the contrary would not be subject to Rule 11 sanctions, even if it was subject to dismissal on the pleadings for failure to state a claim for relief."). In cases like *AIRFX.com v. AirFX LLC* or *IFIXITUSA LLC v. iFixit Corp.*, the parties could have, but did not, raise this issue. *See* Reply Brief at 4 n. 2, 8. That does not preclude Lamborghini from doing so, nor does it make the argument frivolous.

Rather, far from frivolous, Lamborghini's Motion has been briefed and ardently debated by both sides. The fact that Mr. Blair disagrees with Lamborghini's interpretation of the law and has attempted to craft an opposing argument does not justify a request for sanctions. Other than re-asserting and clarifying his argument in opposition to Lamborghini's Motion to Dismiss, Mr. Blair offers no evidence of existing precedent that precludes Lamborghini's position. Identifying such precedent is Mr. Blair's burden in seeking sanctions, a burden that he has failed to meet.

### B. Lamborghini's Motion to Dismiss was not submitted for an improper purpose

For the same reasons that Lamborghini's Motion to Dismiss is not frivolous, it is also not offered for an improper purpose. "[B]ecause the standard governing Rule 11 is objective, 'the "improper purpose" inquiry subsumes the "frivolousness" inquiry' when applied to the filing of complaints . . . . In other words, '[papers] are not filed for an improper purpose if they are non-frivolous.'" *CrossFit Inc. v. Martin*, No. CV-14-02277-PHX-JJT, 2017 WL 4224093, at *4 (D. Ariz. 2017); *see also D Stadtler*, 2023 WL 2503642 at *8, fn. 14 (holding that because the court did not find that the Stadtler Parties acted frivolously, they also did not act with an improper purpose). Moreover, even if the

Court were to ultimately side with Mr. Blair on the Motion to Dismiss, Rule 11 sanctions would not be proper for a motion simply because it is denied on the merits. *Wasyl, Inc. v. First Boston Corp.*, 813 F.2d 1579, 1583 (9th Cir. 1987) (Rule 11 sanctions are not appropriate merely because a pleading, motion, or paper does not prevail on the merits.).

### C. Mr. Blair's Rule 11 Motion was offered for an improper purpose

Mr. Blair uses his Rule 11 Motion to re-argue the merits of his opposition brief. This is what the Rule 11 Advisory Committee Notes explicitly say <u>not</u> to do:

> "Rule 11 motions . . . should not be employed as a discovery device or to test the legal sufficiency or efficacy of allegations in the pleadings; other motions are available for those purposes. **Nor should Rule 11 motions be prepared to emphasize the merits of a party's position**, to exact an unjust settlement, to intimidate an adversary into withdrawing contentions that are fairly debatable, to increase the costs of litigation, to create a conflict of interest between attorney and client, or to seek disclosure of matters otherwise protected by the attorney-client privilege or the work-product doctrine."

Fed. R. Civ. P. 11, Notes of Advisory Committee on Rules, 1993 Amendment (emphasis added). "A Rule 11 motion is not a proper vehicle for arguing the merits of a case or refuting the testimony of an expert witness—'other motions are available for those purposes.'" *Rich v. Taser Intern., Inc.*, No. 2:09-cv-02450-ECR-RJJ, 2012 WL 3155137, at *3 (D. Nev. Aug. 2, 2012).

In such instances, courts have granted attorney's fees to the party responding to the improper Rule 11 motion. *See, e.g., id*. (granting plaintiff reasonable expenses of defending against Rule 11 motion that reargued the merits of the issue and thus was brought for an improper purpose); *MetLife Bank, N.A. v. Badostain*, No. 1:10-CV-118-CWD, 2010 WL 5559693, at *10 (D. Idaho Dec. 30, 2010) (awarding attorney's fees incurred in responding to sanctions motion where the motion "undeniably argues the theory of [movant's] case"). Moreover, Rule 11 itself states that reasonable expenses may be awarded to the prevailing party. Fed. R. Civ. P. 11(c)(2).

Mr. Blair improperly uses his Motion for Sanctions in an effort to expand upon, clarify and add to arguments supporting his opposition to the Motion to Dismiss. Indeed,

much of the Motion acts as a pseudo sur-reply enabling Mr. Blair to respond to Lamborghini's reply brief. Mot. at 11-12. For example, Mr. Blair's Motion spends several pages arguing that Lamborghini's interpretation of the statute would "upend" UDRP policy, a policy argument directed to the merits, perhaps, but not one supporting a conclusion that Lamborghini has engaged in sanctionable behavior. Mot. at 11-16.

Because Mr. Blair's motion argues the merits of his position rather than identifying any precedent showing that Lamborghini had no chance of success, his motion was clearly offered for an improper purpose and warrants sanctions of its own.

**IV.   CONCLUSION**

Mr. Blair's motion fails to meet the standard to show that Lamborghini's Motion to Dismiss is frivolous or offered for an improper purpose. Accordingly, the Court should deny Mr. Blair's motion. Moreover, this Court should recognize Mr. Blair's Rule 11 Motion for what it truly is: an improper attempt to support his substantive legal arguments in opposition to the Motion to Dismiss. Accordingly, the Court should grant Lamborghini its attorney's fees and costs incurred in responding to Mr. Blair's motion.

| | | |
|---|---|---|
| 1 | Dated: June 14, 2023 | Respectfully submitted, |
| 2 | | By: /s/ Nicholas Nowak |
| | | Nicholas J. Nowak (*pro hac vice*) |
| 3 | | Lauren A. Watt (*pro hac vice*) |
| | | STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C. |
| 4 | | 1100 New York Ave., N.W. |
| | | Washington, D.C. 20005 |
| 5 | | Telephone: (202) 371-2600 |
| | | Facsimile: (202) 371-2540 |
| 6 | | nnowak@sternekessler.com |
| | | lwatt@sternekessler.com |

*Attorneys for Defendant Automobili Lamborghini S.p.A.*

- 10 -

# CERTIFICATE OF SERVICE

This is to certify that on June 14, 2023, a true and correct copy of the foregoing was filed electronically using the Clerk of Court's CM/ECF system, which will provide notice to all counsel of record. Served by electronic mail on the following counsel of record:

Brett E. Lewis
Lewis & Lin LLC
77 Sands Street, 6th Floor
Brooklyn, NY 11201
Telephone: (718) 243-9323
Facsimile: (718) 243-9326
brett@iLawco.com

*Attorney for Plaintiff Richard Blair*

By: /s/ Nicholas Nowak
Nicholas J. Nowak (*pro hac vice*)
Lauren A. Watt (*pro hac vice*)
Sterne, Kessler, Goldstein & Fox P.L.L.C.
1100 New York Ave., N.W.
Washington, D.C. 20005
Telephone: (202) 371-2600
Facsimile: (202) 371-2540
nnowak@sternekessler.com
lwatt@sternekessler.com

*Attorneys for Defendant Automobili Lamborghini S.p.A.*