Brett E. Lewis (*Pro Hac Vice*)
LEWIS & LIN, LLC
77 Sands Street, 6th Floor
Brooklyn, NY 11201
Tel: (718) 243-9323
Fax: (718) 243-9326
Email: Brett@iLawco.com

*Attorneys for Plaintiff Richard Blair*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Blair,<br><br>          Plaintiff,<br><br>vs.<br><br>Automobili Lamborghini S.p.A.,<br><br>          Defendant. | Case No.: 2: 22-01439-PHX-ROS<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11** |

Plaintiff Richard Blair ("Plaintiff" or "Blair"), by and through the undersigned counsel, submits this Reply in Support of Plaintiff's Motion for Sanctions pursuant to Fed. R. Civ. P. 11 against Defendant Automobili Lamborghini S.p.A. ("Defendant" or "Lamborghini").

## **INTRODUCTION**

Plaintiff's Memorandum of Law in Support of its Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 asserts that Defendant's Motion to Dismiss is outside the bounds of legally acceptable norms, calling it: "egregious[]," "legally

unreasonable and completely frivolous," "totally devoid of support," "nonsensical," "baseless," "meritless," "improper," "profoundly flawed," "fundamentally lacking in basis," "wholly disingenuous," "filed to harass," and also that it "completely disregarded legal authority," and "intentionally misstated Plaintiff's argument[s]." (ECF No. 26) ("Sanctions Motion" or "Pl. Rule 11 Mot. for Sanctions"). In opposition, Defendant simply claims that this is not an egregious case, and blithely ignores the facts, law, and analysis set forth in the Sanctions Motion. Defendant offers no substantive response to the claims that:

- no court has ever held that only the original registrant of a domain name may seek declaratory relief under 15 U.S.C. 1114(2)(D)(v);

- in the 24 years since the enactment of the Anticybersquatting Consumer Protection Act, 15 U.S.C. 1125(d) ("ACPA"), no party has even *argued* that only the original registrant of a domain name may seek declaratory relief under 15 U.S.C. 1114(2)(D)(v);

- it has long been settled that a respondent to a UDRP proceeding has the right to file an action in federal court seeking a *de novo* review of the lawfulness of the registration and use of a domain name;

- the decision of *GoPets Ltd. v. Hise*, 657 F.3d 1024 (9th Cir. 2011), on which Defendant relies, plainly states that there can be more than a single registrant of a domain name, and that the acquirer of a domain

name receives all rights possessed by the original owner;

- Plaintiff alleges that he *used* the <Lambo.com> domain name ("Domain Name") in good faith;

- Defendant availed itself of the Uniform Domain Name Dispute Resolution Policy ("UDRP"), filed a complaint in which it consented to the jurisdiction of this Court for the *de novo* determination of disputes concerning the Domain Name, and argued in the UDRP proceeding that Blair both registered and used the Domain Name in bad faith – claims that are completely at odds with the positions now taken by Defendant in its motion to dismiss; and

- Defendant's argument would upend the UDRP and ACPA.

((ECF No. 27) ("Def. Opp. to Mot. for Sanctions")).

Instead of making a substantive response to these and other claims, Defendant rehashes arguments that have been proved to be demonstrably false, mistakes its frivolity for "zealous advocacy," and contends that the Sanctions Motion is an improper attempt to re-argue the merits of [Plaintiff's] Opposition to Defendant's Motion to Dismiss (ECF No. 23) ("Motion to Dismiss" or "Def. Mot. to Dismiss"). With all due respect, there is no need to reargue the merits of Plaintiff's Opposition to Defendant's Motion to Dismiss, and that is not why Plaintiff filed it (ECF No. 24) ("Pl. Opp. to Mot. to Dismiss"). The purpose of the Sanctions Motion was not to

convince the Court of what already seems obvious – i.e., that the Motion to Dismiss should be denied for lack of merit – but to demonstrate why the Motion to Dismiss was *so legally unreasonable and improper that it should never have been filed*. Doing so invariably requires some discussion of the law.

## ARGUMENT

As stated in the Sanctions Motion, this is an egregious case. Pl. Rule 11 Mot. for Sanctions, at 11. The egregiousness of Defendant's conduct derives both from the utter frivolousness of its legal arguments, as well as its practice of repeatedly misstating and misapplying the operative law. *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001) (holding that sanctions are available where an attorney's reckless misstatements of law and fact is coupled with frivolousness, harassment, or an improper purpose). In the course of demonstrating that Defendant's arguments are legally nonsensical, it is unavoidable to have some discussion of the merits. *See*, *e.g.*, Pl. Opp. to Mot. to Dismiss, at 6–7; Pl. Rule 11 Mot. for Sanctions, at 6–9.  This does not, however, transmute the Sanctions Motion into a sur-reply.

In its Opposition, Defendant cherry-picks language from *GoPets*, which it then misleadingly cites out of context, yet purposefully ignores other language referenced in the Sanctions Motion that directly, categorically, and conclusively undermines its arguments. (*Compare* Def. Opp. To Mot. for Sanctions, at 3–4, *to* Pl. Rule 11 Mot. for Sanctions, at 6–7). Defendant clings to the mantra that only the

party who initially registers a domain name can be a "domain name registrant," as if repeating a demonstrably false statement enough times will make it true. *See* Def. Opp. to Rule 11 Mot. for Sanctions, at 3–4. Yet, as stated in the Sanctions Motion, the Ninth Circuit in *GoPets* recognized that there are both "initial registrants" and "new registrants." *GoPets*, 657 F.3d at 1026 ("The primary question before us is whether the term 'registration' applies only to the initial registration of the domain name, or whether it also applies to a re-registration of a currently registered domain name by a new registrant.").[1] It bears repeating – domain names can be ***re-registered***, and that parties who do so are ***new registrants***. The *GoPets* court held, however, that the term "registration" embodied in the ACPA applied only to the ***first*** registration of a domain name – the *GoPets* court never held that a domain name can only be registered a single time. *GoPets*, 657 F.3d at 1031–32 ("We therefore hold that Digital Overture's re-registration of gopets.com was not a registration within the meaning of § 1125(d)(1)) (emphasis added).

It is beyond any legitimate dispute that *GoPets* treats a subsequent owner of a domain name as a new registrant. Defendant's argument to the contrary – which relies entirely on a selective misquoting of *GoPets* and deliberate misrepresentation

---

[1] *GoPets* also recognized that ownership of a domain name is transferred from "*one registrant to another*" (emphasis added), and that "individuals and companies called 'registrants' own the domain names." *GoPets*, 657 F.3d at 1030.

of its holding – is egregiously misleading and obviously false. This is true whether applied to the argument that Plaintiff cannot seek a declaration that the "registration" of the Domain Name is lawful, or his "use." (*See* Def. Opp. to Rule 11 Mot. for Sanctions, at 3–5)

Defendant also argues, for the first time, that the ICANN Acronyms and Terms ("Terms") state that a "domain name registrant" is restricted to only the first "individual or entity who registers a domain name" (Def. Opp. to Rule 11 Mot. for Sanctions, at 3) – but that is not what the Terms say. The Terms state that a registrant is "[a]n individual or entity who registers a domain name," however, this would also include parties who *re-register* domain names, as recognized by the 9th Circuit in *GoPets*. *GoPets*, 657 F.3d at 1031–32. The Terms further provide that:

> Upon registration of a domain name, a registrant enters into a contract with a registrar. The contract describes the terms under which the registrar agrees to register and maintain the requested name.

> After registration, registrants manage their domain name settings through their registrar.[2]

The Terms also refer to a "registrant" as a "*domain name holder*,"[3] i.e., an

---

[2] ICANN Acronyms and Terms, ICANN, https://www.icann.org/en/icann-acronyms-and-terms/registrant-en.

[3] ICANN Acronyms and Terms, ICANN, https://www.icann.org/en/icann-acronyms-and-terms/registrant-en.

*owner* of the domain name.[4] There is no dispute that Blair is a party to a domain name registration contract with registrar NameSilo LLC ("NameSilo"), under which he is listed as the "registrant contact" for the Domain Name, and manages the settings for the Domain Name through NameSilo. By ICANN's definition, this makes him a registrant.[5] If this Court were to adopt Defendant's tortured interpretation of the Terms, it would need to conclude that ICANN defined the term "registrant" in a misleading and nonsensical way – that the definition of a registrant was limited somehow only to the original registrant of a domain name, without saying so.

Once again, Defendant has selectively and misleadingly quoted cited materials in order to advance an absurd argument that Defendant, itself, does not believe. Indeed, NameSilo confirmed that Mr. Blair was the registrant of the Domain Name as a part of the UDRP proceedings, ***after Lamborghini designated him as such***.[6] In the UDRP proceeding, Lamborghini argued that Blair "registered and used"

_____

[4] Holder, *Merriam-Webster* (2023), https://www.merriam- webster.com/dictionary/holder.

[5] ICANN's definition refers to the word "registrant" in its colloquial sense, as the term used to define the holder of a domain name. There is no basis by which this Court could conclude that ICANN's definition was meant to limit or restrict the definition of "registrant," within the meaning of the ACPA, to only the first person or entity to register a domain name.

[6] A registrar must confirm the identity of a registrant in response to the commencement of a UDRP proceeding. The UDRP decision, itself, identifies the registrant by name. It is not possible

the Domain Name in bad faith. *See* Def. Mot. to Dismiss, at 3. Lamborghini has not sought to rescind its prior statements, or have the UDRP decision expunged on the grounds that Blair is not the registrant of the Domain Name because he was not the first person to register it. Nor has Lamborghini informed WIPO that Blair could not have "registered" or "used" the Domain Name in bad faith, for similar reasons. Rather, Lamborghini seeks to have it both ways.

By taking opposite positions in this action from the ones it took in the UDRP proceeding, and then arguing that this Court cannot, therefore, grant declaratory relief to Plaintiff, Lamborghini is acting in bad faith. To be clear, Lamborghini has already argued that Blair is the registrant of the Domain Name, but now argues that he is not; that he registered the Domain Name, but now argues that he has not; that he used the Domain Name, but now argues that he did not. This District has previously awarded attorneys' fees in a case where the defense advanced legally unreasonable arguments that were unwarranted under *GoPets. Dent v. Lotto Sport Italia SpA*, No. CV-17-00651-PHX-DMF, 2021 WL 242100, at *10 (D. Ariz. Jan. 25, 2021).[7] This case presents a similar issue. Yet, despite the fact that Plaintiff cited

_____

for Lamborghini to have commenced a UDRP proceeding without so designating Blair as the registrant.

[7] In the same lawsuit, the *Dent* court granted summary judgment under the ACPA and the Lanham Act to the plaintiff-***registrant***, who purchased the disputed domain name from the original registrant whose initial registration predated the defendant's first use of its trademark.

the *Dent* decisions in Plaintiff's Opposition to Motion to Dismiss, Defendant's counsel has simply ignored this highly relevant and persuasive precedent, with full knowledge of the fact that fees were awarded in that case against a defendant who made similarly unfounded arguments, and an attorney who had argued the opposite position on the same legal issues in a different case. Plaintiff respectfully submits that Defendant should be sanctioned here for doing much the same.

Defendant's new argument concerning "traditional property rights" and "vested property rights" did not appear in its Motion to Dismiss, nor was it addressed in Plaintiff's Sanctions Motion. *See* Def. Opp. to Rule 11 Mot. to Dismiss, at 6. It would also appear to be precluded by the 9th Circuit's holding in *GoPets* – Plaintiff obtained all rights in and to the disputed domain name owned by the previous registrant, including the right to sue, as he steps into the shoes of the initial registrant. *See GoPets*, 657 F.3d at 1031–32; Pl. Opp. to Mot. to Dismiss at 9.  The 9th Circuit applied the concept of "traditional property rights" to domain names. There is no basis for distinguishing *GoPets* based on when trademarks are issued, and it is not even clear that Defendant owns a trademark for the term "LAMBO." Defendant seems to argue that the 9th Circuit was wrong. The cases cited by Defendant are

_____

*Dent v. Lotto Sport Italia SpA*, No. CV-17-00651-PHX-DMF, 2020 WL 1170840, at *13 (D. Ariz. Mar. 11, 2020) (emphasis added).

completely inapposite, and the misapplication of the "vested property rights" cases to the instant case further underscores the frivolousness of Defendant's position.

Plaintiff did not file the Sanctions Motion because Defendant's argument is "novel." He did so because Defendant's position is legally unreasonable, entirely lacking in basis, deliberately misleading, disingenuous, and filed for an improper purpose. Defendant and its counsel *chose* to file a completely frivolous motion for no other reason than to drive up the costs of litigation to Plaintiff. It is evident that this was a malign choice, not zealous advocacy or a simple misunderstanding of the law. Defendant's counsel time and again deliberately misquotes *GoPets* – the only legal authority that they cite for their outrageous, disingenuous, and inconsistent positions. What's more, merely intoning that Plaintiff failed to meet its burden – without substantively addressing serious claims of malfeasance – does not make it so. Defendant and its counsel have *chosen* to file a motion advancing arguments that they objectively do not believe, which conflict with arguments they have made, and which have no legal basis, whatsoever. For this, sanctions are not only warranted, but necessary to deter a multi-billion-dollar corporation from abusing legal process improperly to inflict substantial costs onto an individual litigant.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that its Motion for Sanctions under Fed. R. Civ. P. 11 be granted.

1    Dated: June 21, 2023
           Brooklyn, NY

2
                                     Respectfully submitted,
3
                                     **LEWIS & LIN LLC**
4
                                     */s/ Brett E. Lewis*_____
5                                    Brett E. Lewis (*pro hac vice*)
                                     77 Sands Street, 6th Floor
6                                    Brooklyn, NY 11201
                                     Tel: (718) 243-9323
7                                    Fax: (718) 243-9326
                                     brett@iLawco.com
8
                                     *Attorneys for Plaintiff*
9

10

11

12

13

14

15

16

17

18

19

20