Nicholas J. Nowak (*pro hac vice*)
Lauren A. Watt (*pro hac vice*)
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 New York Ave., N.W.
Washington, D.C. 20005
Telephone: (202) 371-2600
Facsimile: (202) 371-2540
nnowak@sternekessler.com
lwatt@sternekessler.com

*Attorneys for Defendant*
*Automobili Lamborghini S.p.A.*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Blair, | |
| *Plaintiff*, | C.A. No. 2:22-cv-01439-ESW |
| v. | |
| Automobili Lamborghini S.p.A., | **DEFENDANT AUTOMOBILI** |
| | **LAMBORGHINI S.P.A.'S ANSWER** |
| *Defendant*. | **TO FIRST AMENDED COMPLAINT** |

Defendant Automobili Lamborghini S.p.A. ("Lamborghini" or "Defendant") answers the Complaint in Civil Action No. 2:22-cv-01439-ESW (D.I. 21) brought by Plaintiff Richard Blair ("Plaintiff"). Any and all allegations contained in Plaintiff's Amended Complaint not expressly admitted in this Answer are denied.

With respect to the allegations made in the First Amended Complaint, Lamborghini states as follows:

**NATURE OF THE ACTION**[1]

1.      Paragraph 1 of the First Amended Complaint contains statements that are neither allegations nor averments to which a response is required. Paragraph 1 of the First Amended Complaint also states legal conclusions, to which no response is required. To the extent a response is required, Defendant admits that Plaintiff purports to bring a civil action for declaratory relief pursuant to 15 U.S.C. § 1114(2)(D)(v) to establish that the registration and Plaintiff's use of the domain name <Lambo.com> ("Disputed Domain") are not unlawful under the Anticybersquatting Consumer Protection Act ("ACPA").

**THE PARTIES**

2.      Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations of Paragraph 2 as pled and denies those allegations on that basis.

3.      Admitted.

**JURISDICTION AND VENUE**

4.      Paragraph 4 contains legal conclusions and allegations to which no response is required. To the extent a response is required, Defendant does not contest subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331, 15 U.S.C. § 1114(2)(D)(v), and 28 U.S.C. § 2201 for purposes of this this action only. Defendant denies the remaining allegations in Paragraph 4 of the First Amended Complaint.

5.      Paragraph 5 contains legal conclusions and allegations to which no response is required. To the extent a response is required, Defendant does not contest that this Court has personal jurisdiction for purposes of this action only. Defendant denies the remaining allegations in Paragraph 5 of the First Amended Complaint.

6.      Paragraph 6 contains legal conclusions and allegations to which no response is required. To the extent a response is required, Defendant does not contest

---

[1] This Answer reproduces the headings of the Complaint for convenience only. This reproduction of the headings should not be construed as an admission of any of the allegations in the Complaint.

venue for purposes of this action only. Defendant denies the remaining allegations in Paragraph 6 of the First Amended Complaint.

7. Paragraph 7 contains legal conclusions and allegations to which no response is required. Defendant further lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations of Paragraph 7 as pled and denies those allegations on that basis. To the extent a response is required, Defendant does not contest venue for purposes of this action only. Defendant denies the remaining allegations in Paragraph 7 of the First Amended Complaint.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

8. Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations of Paragraph 8 as pled and denies those allegations on that basis.

9. Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations of Paragraph 9 as pled and denies those allegations on that basis.

10. Defendant admits that the WHOIS records for <Lambo.com> appear to show that the Disputed Domain was originally registered for on March 5, 2000. Defendant further admits that as of March 5, 2000, Defendant had yet to register a trademark for the term LAMBO.

11. Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations of Paragraph 11 as pled and denies those allegations on that basis.

12. Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations of Paragraph 12 as pled and denies those allegations on that basis.

13. Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations of Paragraph 13 as pled and denies those allegations on that basis.

14.     Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations of Paragraph 14 as pled and denies those allegations on that basis.

15.     Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations of Paragraph 15 as pled and denies those allegations on that basis.

16.     Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations of Paragraph 16 as pled and denies those allegations on that basis.

17.     Defendant admits that it had a U.S. registration for the mark LAMBO, the application for which listed foreign registration (Section 44(e)) as the filing basis. Defendant admits that the mark was canceled by the USPTO in 2017. On information and belief, Defendant admits that Plaintiff claims to have acquired the Disputed Domain in February 2018. Defendant denies any remaining allegations of Paragraph 17.

18.     Denied.

19.     Paragraph 19 contains legal conclusions and allegations to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 19.

20.     Defendant lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations of Paragraph 20 as pled and denies those allegations on that basis. Moreover, Paragraph 20 contains legal conclusions and allegations to which no response is required.

21.     Denied.

22.     Paragraph 22 contains legal conclusions and allegations to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 22.

23.     Paragraph 23 contains legal conclusions and allegations to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 23.

24.     Defendant admits that Plaintiff has never contacted Lamborghini about buying the Disputed Domain. Defendant lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations of Paragraph 24 as pled and denies those allegations on that basis. Moreover, the allegations in Paragraph 24 regarding bad faith constitute legal conclusions and allegations to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 24.

25.     Admitted.

26.     Paragraph 26 contains legal conclusions and allegations to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 26.

27.     Defendant admits that the UDRP proceeding, *Automobili Lamborghini S.p.A. v. Domain Administrator, SeePrivacyGuardian.org / Richard Blair*, Case No. D2022-1570 (the "WIPO Proceeding"), was decided by a three-member WIPO panel with one panelist dissenting. Defendant further admits that the majority panel members issued a decision on August 3, 2022 to transfer the Disputed Domain to Defendant. Defendant also admits that Plaintiff was self-represented. Defendant denies any remaining allegations.

28.     Paragraph 28 contains legal conclusions and allegations to which no response is required. To the extent a response is required, Defendant admits that Section 4(k) of the Uniform Domain Name Dispute Resolution Policy ("UDRP") states that "[i]f an Administrative Panel decides that your domain name registration should be canceled or transferred, we will wait ten (10) business days . . . before implementing that decision." Defendant further admits that if official documentation that a lawsuit has been commenced "against the complainant in a jurisdiction to which the complainant has

submitted," then the Administrative Panel's decision will not be implemented and no further action will be taken "until we receive (i) evidence satisfactory to us of a resolution between the parties; (ii) evidence satisfactory to us that your lawsuit has been dismissed or withdrawn; or (iii) a copy of an order from such court dismissing your lawsuit or ordering that you do not have the right to continue to use your domain name." Defendant denies the remaining allegations

29.     Paragraph 29 contains legal conclusions and allegations to which no response is required. To the extent a response is required, Defendant states that it does not dispute jurisdiction of this Court for the purposes of this matter only. Defendant denies any remaining allegations of Paragraph 29.

30.     Paragraph 30 contains legal conclusions and allegations to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 30.

31.     Paragraph 31 contains legal conclusions and allegations to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 31.

32.     Paragraph 32 contains legal conclusions and allegations to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 32.

33.     Paragraph 33 contains legal conclusions and allegations to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 33.

34.     Paragraph 34 contains legal conclusions and allegations to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 34.

35.     Defendant admits, on information and belief, that the Disputed Domain was registered in 2000. Defendant further admits that in 2000, it did not have a registered U.S. trademark for LAMBO. Defendant denies any remaining allegations in Paragraph 35.

36.     Paragraph 36 contains legal conclusions and allegations to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 36.

37.     Defendant admits that Plaintiff has never contacted Lamborghini about buying the Disputed Domain, but it denies Plaintiff's allegations in Paragraph 37 that Plaintiff has never offered the Disputed Domain for sale. Defendant denies the remaining allegations in Paragraph 37.

38.     Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations of Paragraph 38 as pled and denies those allegations on that basis.

39.     Defendant admits that in the WIPO Proceeding, it claimed that one indication of bad faith included offering for sale the Disputed Domain for high prices. Defendant further admits that the dissenting panelist claimed that "[o]ffering a domain name for sale, at any price, is not in bad faith when the domain name may be of interest and value to a wide variety of potential purchasers within any of its many meanings of which evidence has been given. That is the only use in question, as the Respondent has not used the domain name for anything else. Putting the domain name up for sale is the only use to which he has put the domain name and that use is entirely lawful, no matter what the price the seller asks." Defendant denies the remaining allegations. The remaining allegation in Paragraph 39 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 39.

40.     Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations of Paragraph 40 as pled and denies those allegations on that basis.

41.     Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations of Paragraph 41 as pled and denies those allegations on that basis.

42.     Defendant admits that Plaintiff purports to seek a declaration that the Disputed Domain is owned by Plaintiff. Defendant lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations of Paragraph 42 as pled and denies those allegations on that basis.

43.     Admitted.

## COUNT ONE

44.     Defendant incorporates by reference its responses to Paragraphs 1–43.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Defendant admits, on information and belief, that the Disputed Domain was registered for on March 5, 2000. Defendant denies the remaining allegations of Paragraph 49.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Admitted.

## COUNT TWO

## Declaratory Judgment

56.     Defendant incorporates by reference its responses to Paragraphs 1–55.

57.     Paragraph 57 contains legal conclusions and allegations to which no response is required. To the extent a response is required, Defendant admits that a dispute exists between Plaintiff and Defendant concerning Plaintiff's right to acquire and use the Disputed Domain.

58.     Paragraph 58 contains legal conclusions and allegations to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 58.

## PRAYER FOR RELIEF

This section of Plaintiff's First Amended Complaint constitutes Prayers for Relief that do not require a response. Defendant denies that Plaintiff is entitled to any of the requested relief or any other relief. Each averment and/or allegation contained in Plaintiff's First Amended Complaint that is not specifically admitted herein is hereby denied.

## AFFIRMATIVE AND OTHER DEFENSES

Without conceding that any of the following necessarily must be pled as a defense, or that any of the following is not already at issue by virtue of the foregoing denials, and without prejudice to Defendant's right to plead additional defenses as discovery in the facts of the matter warrant, Defendant asserts the following defenses:

## FIRST DEFENSE

Plaintiff's claims for injunctive and declaratory relief are barred by the doctrine of unclean hands.

## SECOND DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel because he misrepresented his reasons for acquiring the disputed domain subject to this action.

## THIRD DEFENSE

Plaintiff's claims are barred because they are based upon material misstatements to the WIPO panel.

## RESERVATION OF DEFENSES

Defendant lacks sufficient knowledge or information to form a belief as to whether it may have yet unstated separate and additional defenses available. Defendant accordingly reserves the right to revise, supplement, or amend its answer and defenses, including reserving all defenses permitted under the Federal Rules of Civil Procedure,

under federal trademark law, and/or in law or equity that may now exist or may in the future be available based on discovery and/or further investigation in this case.

## AUTOMOBILI LAMBORGHINI S.P.A.'S COUNTERCLAIMS

Defendant and Counterclaim-Plaintiff Automobili Lamborghini S.p.A. ("Lamborghini" or "Counterclaim-Plaintiff") brings the following counterclaim against Plaintiff and Counterclaim-Defendant Richard Blair ("Mr. Blair" or "Counterclaim-Defendant").

### The Parties

1.      Counterclaim-Plaintiff Automobili Lamborghini S.p.A. ("Lamborghini") is an Italian company with an address at 12 Via Moderna, I-40019, Sant'Agata Bolognese, Italy.

2.      Upon information and belief, Counterclaim-Defendant Richard Blair is a citizen of the United Kingdom with a residence at 8 West St., San Rafael, CA 94901.

### Jurisdiction and Venue

3.      This Court has original subject matter jurisdiction over Counterclaim Plaintiff's Lanham Act counterclaim pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.      This Court has personal jurisdiction over Counterclaim-Defendant because Mr. Blair consented to jurisdiction by suing Lamborghini in this District.

5.      Venue is legally proper in this District under 28 U.S.C. § 1391(b)(2) and/or by Mr. Blair's choice of forum.

### Factual Background

6.      Counterclaim-Plaintiff is a manufacturer of high-performance sports cars. It trades as LAMBORGHINI and is the owner of a number of trademarks for this trading style as well as the domain name <lamborghini.com>.

7.      Counterclaim-Plaintiff promotes Lamborghini vehicles on the internet at <lamborghini.com>. LAMBORGHINI is world famous not only as a trademark but also as Counterclaim-Plaintiff's name.

8.      On January 16, 1990, Automobili Lamborghini S.p.A. filed an application, Serial No. 74019105, with the United Stated Patent and Trademark Office ("USPTO") to register the LAMBORGHINI mark.

9.      The USPTO granted the application, and the LAMBORGHINI mark received its federal registration, U.S. Registration No. 1622382, on November 13, 1990.

10.     Counterclaim-Plaintiff is the owner and exclusive rights holder of the LAMBORGHINI mark and has used the LAMBORGHINI mark in the sale of automobiles and structural parts since its registration date.

11.     The LAMBORGHINI mark is a suggestive mark and, by virtue of its federal registration, is presumptively distinctive and entitled to the utmost protection.

12.     The LAMBORGHINI mark is distinctive to the consuming public and in the trade.

13.     "LAMBO," a well-known and commonly used abbreviation of Counterclaim-Plaintiff's LAMBORGHINI mark, has also been registered by the Counterclaim-Plaintiff, and its current registrations for LAMBO include a European Union Trade Mark, application number 006113451, registered on April 28, 2008 in classes 7, 9, and 12.

14.     Additionally, the Counterclaim-Plaintiff has continuously used "LAMBO" in its marketing and advertisements to refer to its vehicles. Consequently, it has established "LAMBO" as a common law trademark so that, in the mind of the public, "LAMBO" identifies and distinguishes Lamborghini's vehicles.

15.     Counterclaim-Plaintiff has invested substantial time, money, and resources into marketing, advertising, and promoting its products and services offered under the LAMBORGHINI and LAMBO marks.

16.     The LAMBORGHINI and LAMBO marks, and the goodwill associated with them, are valuable assets to Counterclaim-Plaintiff.

17.     Upon information and belief, the domain <Lambo.com> was originally registered on March 5, 2000.

18.     Upon information and belief, Counterclaim-Defendant Blair acquired the domain <Lambo.com>, which is confusingly similar to the registered LAMBORGHINI mark and common law LAMBO mark, in February 2018.

19.     Upon information and belief, Counterclaim-Defendant was aware of Counterclaim-Plaintiff's ownership and use of the LAMBORGHINI and LAMBO marks before it acquired the < Lambo.com> domain.

## COUNT I
### Violation of Anticybersquatting Protection Act, 15 U.S.C. § 1125(d)

20.     Counterclaim-Plaintiff reasserts and realleges the allegations in the foregoing paragraphs as if fully set forth herein.

21.     On information and belief, Counterclaim-Defendant acquired the domain name <Lambo.com> which was registered in 2000, after the registration of Counterclaim-Plaintiff's LAMBORGHINI trademark and after LAMBO had been established as a common law trademark.

22.     On information and belief, Counterclaim-Defendant had and continues to have a bad faith intent to profit from the registration and use of the domain name <Lambo.com> by creating an association with Counterclaim-Plaintiff's LAMBORGHINI trademark as to source and sponsorship.

23.     Mr. Blair is offering the domain name publicly for direct sale of $75,000,000.00 or for lease to own at $1,625,000.00 a month. *See* Exhibit. 1. These prices far exceed the reasonable out-of-pocket costs for registering the disputed domain name.

24.     The <Lambo.com> domain name is confusingly similar to and dilutes the distinctiveness of Counterclaim-Plaintiff's federally registered LAMBORGHINI mark and LAMBO common law trademark.

25.     Counterclaim-Defendant's unlawful use of the <Lambo.com> domain has caused and continues to cause damage, the infliction of which has caused and will continue to cause Counterclaim-Plaintiff to suffer irreparable harm.

26.     Counterclaim-Defendant's actions are and continue to be in violation of the federal Anticybersquatting Protection Act under Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

**Prayer for Relief**

WHEREFORE, Lamborghini prays that the Court enter judgment ordering as follows:

A.  That judgment be rendered in favor of Defendant with respect to all remaining counts and causes of action set forth in Plaintiff's Complaint;

B.  That Plaintiff's Complaint be dismissed in its entirety with prejudice;

C.  That Plaintiff take nothing by reason of his Complaint;

D.  That Defendant be awarded its costs of suit incurred in the defense of this action; and

E.  For any and all other relief deemed appropriate by the Court.

Dated: July 28, 2023

s/ *Nicholas Nowak*

Nicholas J. Nowak (*pro hac vice*)
Lauren A. Watt (*pro hac vice*)
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 New York Ave., N.W.
Washington, D.C. 20005
Telephone: (202) 371-2600
Facsimile: (202) 371-2540
nnowak@sternekessler.com
lwatt@sternekessler.com

*Attorneys for Defendant*
*Automobili Lamborghini S.p.A.*

1

## <u>CERTIFICATE OF SERVICE</u>

2

        This is to certify that on July 28, 2023, a true and correct copy of the foregoing

3

was filed electronically using the Clerk of Court's CM/ECF system, which will provide

4

notice to all counsel of record.

5

6

Brett E. Lewis

LEWIS & LIN LLC

7

77 Sands Street, 6th Floor

8

Brooklyn, NY 11201

Telephone: (718) 243-9323

9

Facsimile: (718) 243-9326

brett@iLawco.com

10

11

*Attorney for Plaintiff Richard Blair*

12

13

14

15

/s/ *Nicholas J. Nowak*

Nicholas J. Nowak (*pro hac vice*)

16

Lauren A. Watt (*pro hac vice*)

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

17

1100 New York Ave., N.W.

18

Washington, D.C. 20005

Telephone: (202) 371-2600

19

Facsimile: (202) 371-2540

20

nnowak@sternekessler.com

lwatt@sternekessler.com

21

22

*Attorneys for Defendant*

*Automobili Lamborghini S.p.A.*

23

24

25

26

27

28