Brett E. Lewis (Pro Hac Vice)
LEWIS & LIN, LLC
77 Sands Street, 6th Floor
Brooklyn, NY 11201
Tel: (718) 243-9323
Fax: (718) 243-9326
Email: Brett@iLawco.com

*Attorneys for Plaintiff Richard Blair*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Blair,<br><br>    Plaintiff/Counterclaim-Defendant,<br><br>vs.<br><br>Automobili Lamborghini S.p.A.,<br><br>    Defendant/Counterclaim-Plaintiff. | Case No.: 2:22-cv-01439-ESW<br><br>**COUNTERCLAIM-DEFENDANT RICHARD BLAIR'S ANSWER TO COUNTERCLAIM-PLAINTIFF AUTOMOBILI LAMBORGHINI S.P.A'S COUNTERCLAIM** |

   Plaintiff/Counterclaim-Defendant Richard Blair ("Mr. Blair" or "Counterclaim-Defendant") hereby responds to the Counterclaim of Defendant/Counterclaim-Plaintiff Automobili Lamborghini S.p.A. ("Lamborghini" or "Counterclaim-Plaintiff") as follows:

## THE PARTIES

1.    Mr. Blair admits the allegations contained in Paragraph 1.

2.    Mr. Blair admits the allegations contained in Paragraph 2.

## JURISDICTION AND VENUE

3. Paragraph 3 asserts legal conclusions to which no answers are required.

4. Paragraph 4 asserts legal conclusions to which no answers are required. To the extent that answers are required, Mr. Blair admits only to the extent that he initiated this action by suing Lamborghini in this District.

5. Paragraph 5 asserts legal conclusions to which no answers are required.

## FACTUAL BACKGROUND

6. Mr. Blair lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 6.

7. Mr. Blair lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 7.

8. Mr. Blair lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 8.

9. Mr. Blair lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 9.

10. Mr. Blair lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 10.

11. Mr. Blair lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 11.

12. Mr. Blair lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 12.

13. Mr. Blair lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 13.

14. Mr. Blair lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 14.

15. Mr. Blair lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 15.

16. Mr. Blair lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 16.

17. Mr. Blair lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 17.

18. Mr. Blair admits only to the extent that he acquired the domain name <Lambo.com> in February 2018, and denies the rest of the allegations contained in Paragraph 18.

19. Mr. Blair admits only to the extent that he had heard of Lamborghini before he acquired the <Lambo.com> domain name and denies the rest of the allegations contained in Paragraph 19.

# COUNT ONE

## Violation of Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)[1]

20. Mr. Blair incorporates his answers and statements set forth in Paragraphs 1–19.

21. Mr. Blair admits only to the extent that the domain name <Lambo.com> was registered in 2000, and that he acquired the domain name <Lambo.com> in February 2018. Mr. Blair lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 21.

22. Mr. Blair denies the allegations contained in Paragraph 22.

23. Mr. Blair admits the allegations contained in Paragraph 23.

24. Mr. Blair denies the allegations contained in Paragraph 24.

25. Mr. Blair denies the allegations contained in Paragraph 25.

26. Mr. Blair denies the allegations contained in Paragraph 26.

---

[1] Mr. Blair incorporates the headings in the Counterclaim solely for referring to the respective paragraphs and the allegations therein. Mr. Blair does not admit to any allegations stated in the Counterclaim by such incorporation of the heading.

**FIRST AFFIRMATIVE DEFENSE**

27. Mr. Blair registered the domain name <Lambo.com> in good faith to use it as a moniker and for possible development.

**SECOND AFFIRMATIVE DEFENSE**

28. Mr. Blair acquired all property right in the domain name <Lambo.com> that were owned by the prior owner who registered the domain name in 2000. Those rights pre-date any asserted trademark rights to the term "LAMBO" in the United States.

**THIRD AFFIRMATIVE DEFENSE**

29. Lamborghini's Counterclaim fails to plead sufficient facts to support that Lamborghini uses "LAMBO" as a trademark in the United States; that Lamborghini has any active trademark registration for "LAMBO" in the United States; or that Lamborghini has any common law trademark rights to "LAMBO" in the United States at any time, much less in 2000 when the disputed domain name was registered.

**FOURTH AFFIRMATIVE DEFENSE**

30. Mr. Blair did not acquire or use the domain name <Lambo.com> in bad faith. Selling a generic domain name for a high price, alone, is not sufficient to establish bad faith. Mr. Blair prices a number of domain names that he owns for anywhere from millions to tens of millions of dollars. All of these

are listed for sale for prices that far exceed their reasonable registration costs. His pricing of <Lambo.com> is even higher, because he uses "Lambo" as a moniker, and values it the most.

**FIFTH AFFIRMATIVE DEFENSE**

31. Lack of bad faith is further supported by the fact that Mr. Blair owns roughly 100 domain names, none of which are trademarks or target known trademarks.

**SIXTH AFFIRMATIVE DEFENSE**

32. Lack of bad faith is further supported by the fact that Mr. Blair has never offered to sell the domain name <Lambo.com> to Lamborghini and has no intention to sell it to Lamborghini.

**SEVENTH AFFIRMATIVE DEFENSE**

33. Lack of bad faith is further supported by the fact that Mr. Blair has never used the domain name <Lambo.com> in connection with parked page advertisements.

**EIGHTH AFFIRMATIVE DEFENSE**

34. Lamborghini is barred by the doctrine of laches from pursuing a claim against Mr. Blair, who relied on Lamborghini's inaction over a period of 18 years from the domain name's initial registration to purchase the domain name <Lambo.com>.

## NINTH AFFIRMATIVE DEFENSE

35. The domain name <Lambo.com> is not confusingly similar with the LAMBORGHINI trademark. Whereas LAMBORGHINI is known to refer almost exclusively to the cars manufactured by Defendant/Counterclaim-Plaintiff, LAMBO is different than LAMBORGHINI. A number of companies use LAMBO as a trademark in connection with various goods and services, none of which have anything to do with sports cars.

## TENTH AFFIRMATIVE DEFENSE

36. Lamborghini fails to state a claim for which relief may be granted. The Counterclaim pleads insufficient facts to support that Lamborghini owns or owned common law trademark rights in LAMBO in the United States, either presently, in 2018 or in 2000, and allegations that Mr. Blair is offering the domain name for sale for $75 million, alone, are insufficient to establish that he did so to target Lamborghini's trademark or sell the domain name to Lamborghini.

## ELEVENTH AFFIRMATIVE DEFENSE

37. Mr. Blair reserves the right to supplement and amend the affirmative defenses as warranted by ongoing discovery, investigation, or as otherwise permitted by law or Court order.

**TWELFTH AFFIRMATIVE DEFENSE**

38. Mr. Blair denies every and all allegations, express or implied, not expressly admitted herein.

**WHEREFORE**, Counterclaim-Defendant respectfully requests that Lamborghini's Counterclaim be dismissed with prejudice, that judgment be entered in Counterclaim-Defendant's favor, that Counterclaim-Defendant be awarded attorneys' fees, costs, expenses, and such other relief as the Court deems just and proper.

Dated: August 18, 2023

                                                  **LEWIS & LIN, LLC**
By:   */s/ Brett E. Lewis*
       Brett E. Lewis (pro hac vice)
       77 Sands Street, 6th Floor
       Brooklyn, NY 11201
       Tel: (718) 243-9323
       Fax: (718) 243-9326
       brett@iLawco.com

*Attorneys for Plaintiff*