Shuyu Wang (*pro hac vice*)
**LEWIS & LIN LLC**
77 Sands Street, 6th Floor
Brooklyn, NY 11201
Tel: (718) 243-9323
Fax: (718) 243-9326
Email: Shuyu@iLawco.com

*Attorneys for Plaintiff Richard Blair*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Blair, | Case No.: 2:22-cv-01439-ROS |
| Plaintiff, | |
| vs. | **JOINT CASE MANAGEMENT REPORT** |
| Automobili Lamborghini S.p.A., | |
| Defendant. | |

**1.** **The parties who attended the Rule 26(f) meeting and assisted in developing the Case Management Report;**

| | |
|---|---|
| Shuyu Wang | Lauren Watt |
| Lewis & Lin, LLC | Sterne, Kessler, Goldstein & Fox |
| *Attorneys for Plaintiff Richard Blair* | *Attorney for Defendant Automobili Lamborghini S.p.A.* |

**2.** **A list of the parties in the case, including any parent corporations or entities;**

<u>Plaintiff</u>: Richard Blair

<u>Defendant</u>: Automobili Lamborghini S.p.A.

**3.    A short statement of the nature of the case (3 pages or less);**

Plaintiff seeks declaratory relief pursuant to 15 U.S.C. § 1114(2)(D)(v) and 28 U.S.C. § 2201 to establish that Plaintiff Richard Blair's acquisition and use of the domain name <lambo.com> (the "Disputed Domain") is not unlawful. On April 29, 2022, Defendant submitted a complaint with WIPO to initiate an administrative proceeding alleging that Plaintiff registered and used the Disputed Domain in bad faith (the "UDRP Proceeding"). Defendant in the UDRP Proceeding sought a decision to transfer the ownership rights of the Disputed Domain to it. The UDRP Proceeding was assigned a case number D2022- 1570. On August 2, 2022, with one panelist dissenting, the majority of the panel issued a decision directing transfer of the Disputed Domain to Defendant. As a result of the UDRP Proceeding, Plaintiff has now filed the instant action, and Defendant has asserted a single claim for violation of 15 U.S.C. § 1125(d).

**4.    The jurisdictional basis for the case, describing the basis for jurisdiction and citing specific jurisdictional statutes;**

<u>Plaintiff's Claims</u>: This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1114(2)(D)(v), and 28 U.S.C. § 2201 that Plaintiff's acquisition and use of the Disputed Domain is not unlawful under the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d). This Court has personal jurisdiction over Defendant as a result of Defendant's initiation of the UDRP Proceeding, which is governed by the Uniform Domain Name Dispute Resolution Policy ("UDRP").

<u>Defendant's Counterclaim:</u> This Court has original subject matter jurisdiction over Lamborghini's counterclaim that Mr. Blair has violated the ACPA pursuant to 28 U.S.C.

§§ 1331 and 1338(a). This Court has personal jurisdiction over Mr. Blair because he consented to jurisdiction in this Court by suing Lamborghini in this District.

**5.     Any parties which have not been served and an explanation of why they have not been served, and any parties which have been served but have not answered or otherwise appeared;**

All parties have been served.

**6.     A statement of whether any party expects to add additional parties to the case or otherwise to amend pleadings (the Court will set a deadline at the Case Management Conference for joining parties and amending pleadings);**

Plaintiff's Statement: Plaintiff does not expect to add additional parties or to otherwise amend pleadings.

Defendant's Statement: Defendant does not expect to add additional parties or to otherwise amend pleadings.

**7.     A listing of contemplated motions and a statement of the issues to be decided by these motions (including motions under Federal Rules of Evidence 702, 703, 704, and 705);**

Plaintiff: Plaintiff does not anticipate filing any motions at this time.

Defendant: Defendant does not anticipate filing any motions at this time.

**8.     Whether the case is suitable for reference to a United States Magistrate Judge for a settlement conference or trial;**

Plaintiff: The parties are not aligned in their thinking on settlement at this point. Defendant insists upon the transfer of the Disputed Domain, whereas, Plaintiff seeks to retain it. It is not clear to Plaintiff how reference to a United States Magistrate Judge for a settlement conference would help at this stage of the proceedings, although Plaintiff is

not opposed to holding a settlement conference. Plaintiff would be willing to consent to reference of the case to a United States Magistrate Judge for trial.

<u>Defendant</u>: Defendant does not believe a settlement conference with a Magistrate Judge would be productive at this time. Further, the Defendant does not consent to a trial before the Magistrate Judge.

**9.     The status of related cases pending before other courts or other judges of this Court;**

There is no related case pending before this or other courts.

**10.    A discussion of any issues relating to preservation, disclosure, or discovery of electronically stored information, including the parties' preservation of electronically stored information and the form or forms in which it will be produced (*see* Rules 16(b)(3), 26(f)(3));**

There are no issues relating to ESI in the case.

**11.    A discussion of any issues relating to claims of privilege or work product (*see* Rules 16(b)(3), 26(f)(3));**

At this time there are no such issues.

**12.    A discussion of whether an order under Federal Rule of Evidence 502(d) is warranted in this case;**

The parties have not explored the option to seek an order under FRE 502(d) as there are no issues relating to claims of privilege or work product at this time. The parties reserve the right to move for such an order when necessary in this case.

**13.    A discussion of necessary discovery. This discussion should take into account the December 1, 2015 amendments to Rule 26(b)(1), and should include:**

**a.  The extent, nature, and location of discovery anticipated by the parties and why it is proportional to the needs of the case;**

The parties have discussed issues related to the extent, nature, and location of discovery and why it is proportional to the needs of the case.

**b.  Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure;**

There are no suggested changes.

**c.  The number of hours permitted for each deposition. The parties should consider whether a total number of depositions hours should be set in the case, such as 30 total hours for Plaintiffs and 30 total hours for Defendants. Such overall time limits have the advantage of providing an incentive for each side to be as efficient as possible in each deposition, while also allowing parties to allocate time among witnesses depending on the importance and complexity of subjects to be covered with the witnesses.**

Pursuant to Federal Rule of Civil Procedure 30(d)(1), the parties agree that each deposition will not exceed one seven-hour day. The parties request that they be able to address the number of depositions and the total hours of deposition after initial disclosures have been served, but do not anticipate more than one deposition each at this time, excluding third-party depositions.

**14.   Proposed specific dates for each of the following:**

**a.  Dates for full and complete expert disclosures under Federal Rule of Civil Procedure 26(a)(2)(A)-(C);**

<u>Expert Disclosures</u>: January 19, 2024

<u>Rebuttal Expert Disclosures</u>: February 16, 2024

**b.  A deadline for completion of all expert depositions;**

March 19, 2024

      c. **A date by which the parties shall have engaged in face-to-face good faith settlement talks;**

      February 2, 2024

      d. **A deadline for filing dispositive motions;**

      April 18, 2024

**15.** **Whether a jury trial has been requested and whether the request for a jury trial is contested (if the request is contested, briefly set forth the reasons);**

The parties do not request a jury trial on any issues raised by Plaintiff's First Amended Complaint (Doc. 21) or Defendant's Counterclaim (Doc. 30).

**16.** **The prospects for settlement, including any request of the Court for assistance in settlement efforts; and**

The parties have discussed the prospects for settlement, but are not aligned. Plaintiff wishes to retain the Disputed Domain and Defendant insists upon its transfer.

**17.** **Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner as required by Federal Rule of Civil Procedure.**

There are no other matters at this time that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner.

Dated: Brooklyn, New York
      August 21, 2023

                                    Respectfully submitted,

By: */s/ Shuyu Wang*_____
Brett E. Lewis, Esq. (*pro hac vice*)
Shuyu Wang, Esq. (*pro hac vice*)
LEWIS & LIN, LLC
77 Sands Street, 6th Floor,
Brooklyn, NY 11201
Tel: (718) 243-9323
Fax: (718) 243-9326
Email: brett@iLawco.com

*Counsel for Plaintiff Richard Blair*


By: */s/ Lauren Watt*
Nicholas J. Nowak (*pro hac vice*)
Lauren A. Watt (*pro hac vice*)
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1101 K St. N.W., 10th Floor
Washington, D.C. 20005
Telephone: (202) 371-2600
Facsimile: (202) 371-2540
nnowak@sternekessler.com
lwatt@sternekessler.com

*Attorneys for Defendant Automobili Lamborghini S.p.A.*