Brett E. Lewis (*pro hac vice*)
Brett@iLawco.com
**LEWIS & LIN LLC**
77 Sands Street, 6th Floor
Brooklyn, NY 11201
Tel: (718) 243-9323
Fax: (718) 243-9326
Email: Brett@iLawco.com

*Attorneys for Plaintiff Richard Blair*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Blair,<br><br>         Plaintiff/Counter-Defendant,<br><br>vs.<br><br>Automobili Lamborghini S.p.A.,<br><br>         Defendant/Counterclaimant. | Case No.: 2:22-cv-01439-ROS<br><br>**PLAINTIFF'S CONTROVERTING STATEMENT OF FACTS IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Plaintiff Richard Blair ("Blair" or "Plaintiff"), pursuant to L.R. Civ. 56.1(b), submits the following controverting Statement of Facts in opposition to Defendant Automobili Lamborghini S.p.A.'s ("Lamborghini's" or "Defendant's") motion for summary judgment.

| **Defendant's Statement of Facts** | **Plaintiff's Response** |
|---|---|
| 1.  On January 16, 1990, Lamborghini filed an application, Serial No. 74019105, with the United States Patent and Trademark Office ("USPTO") to register | **Undisputed**. |

| | |
|---|---|
| 1  2    the LAMBORGHINI mark. Ex. A, Lamborghini_0000002. | |
| 3–8    2. On November 13, 1990, the USPTO granted Lamborghini's application and the LAMBORGHINI mark received its federal registration, U.S. Registration No. 1622382. Ex. A, Lamborghini_0000002. | **Undisputed**. |
| 9–11    3. The domain <lambo.com> was registered on March 5, 2000. Ex. U, Pl_000010. | **Undisputed**. |
| 12–14    4. On February 16, 2018, Blair purchased the disputed domain name for $10,000. | **Undisputed**. |
| 15–28    5. LAMBORGHINI is a well-known, world-famous mark that has been used for over fifty years. *See Automobili Lamborghini S.p.A v. Garcia*, No. 1:18-cv-62 (TSE/TCB), 2020 WL 2048165, at *5 (E.D. Va. Apr. 20, 2020) ("Lamborghini has used the Marks exclusively and continuously for over fifty years, has never abandoned them, and has spent millions of dollars in advertising and promoting the Marks throughout the United States and the world. As a result, the Marks are world famous and the consuming public exclusively associates | **Disputed** to the extent that the quoted dicta from *Yelp Inc. v. Catron*, 70 F. Supp. 3d 1082, 1097 (N.D. Cal. Oct. 1, 2014) is not a factual statement or finding. Defendant states a legal conclusion in the disguise of a factual statement by stitching its LAMBORGHINI mark and the term "Lambo" to a legal statement from the *Yelp* case taken out of context. In fact, the term "Lambo" is widely used by many non-parties around the world. A search with the term "Lambo" on tmdn.org, a trademark search engine supported by the European Union |

| | |
|---|---|
| the Marks with Lamborghini."); *Audi AG v. Posh Clothing, LLC*, No. 18-14254, 2019 WL 1951166, at *4 (D.N.J. May 2, 2019); *Volkswagen Grp. of Am., Inc. v. Unincorporated Associations Identified in Schedule A*, No. 1:20-cv-01437-LO-MSN, 2021 WL 8444641, at *2 (E.D. Va. July 21, 2021), report and recommendation adopted, No. 1:20-cv-1437, 2021 WL 8445261 (E.D. Va. Aug. 23, 2021). "Lambo" is nothing more than a shortened version of LAMBORGINI that merely "delete[s] . . . letters in the mark." *Yelp Inc. v. Catron*, 70 F. Supp. 3d 1082, 1097 (N.D. Cal. Oct. 1, 2014). | Intellectual Property Network, returns thirty (30) live registration with the single word "Lambo" for products and/or services outside the automobile industry. *See* **Ex. Q** to the Affidavit of Nellie Gong ("Gong Aff."). A search with the same tool returns at least another thirty-one (31) live registrations with the term "Lambo" combined with one other word or design elements. *See* **Ex. R** to Gong Aff. "Lambo" is also a surname. *See* **Ex. U** to Gong Aff. Furthermore, a search of the term "Lambo" on Dun & Bradstreet (dnb.com) returns five hundred and ninety-seven (597) results for companies and business entities from various industries across the world using or incorporating "lambo" in their names. *See* **Ex. S** to Gong Aff. A search of "Lambo" on IMDb (imdb.com) returns three results of audiovisual works. *See* **Ex. T** to Gong Aff. |
| 6.  "Lambo" is also a well-known shorthand for Lamborghini. *See Automobili Lamborghini SpA v. Lamboshop, Inc.*, 2008 WL 2743647, at *4 (M.D. Fla. June 5, 2008) (finding | **Disputed,** to the extent that "Lambo" is not *exclusively* used as a well-known shorthand for Lamborghini. *See* Gong Aff. ¶¶ 3-7, **Exs. Q to U**; *see also* Affidavit of Richard Blair ("Blair Aff.") ¶ 10. |

3

| | | |
|---|---|---|
| 1<br>2 | "Lambo" was a "well-known shorthand for Lamborghini"). | |
| 3<br>4<br>5 | 7.  Mr. Blair has no trademark rights in the word LAMBO. Ex. B, Plaintiff's Response to Interrogatory No. 3. | **Undisputed.** |
| 6<br>7<br>8<br>9<br>10<br>11 | 8.  It is undisputed that Lambo is not Richard Blair's legal name. See ECF No. 21 (First Amended Complaint), ¶ 2 ("Plaintiff Richard Blair is a citizen of the United Kingdom with a residence at 8 West St., San Rafael, CA 94901."). | **Undisputed.** |
| 12<br>13<br>14<br>15<br>16<br>17<br>18<br>19<br>20<br>21<br>22<br>23<br>24<br>25<br>26<br>27<br>28 | 9.  "Lambo" is not a name "commonly used to identify [Mr. Blair]." Ex. C, Pl_000594 (referring to the plaintiff as "Richard"); Ex. D, Pl_000598 (signing email with the name "Richard"); Ex. E, Pl_000600 (signing email with the name "Richard"). | **Disputed.** While Mr. Blair goes by his legal name in some contexts, he has also been actively using "Lambo," "Lambo.com," and/or "Lambodotcom" as his moniker, appellation, or *nom de guerre* in multiple online communities, including WhatsApp (**Ex. G**, Pl_000548), Telegram (in connection with Mr. Blair's management of <bss.org>) (**Ex. H**, Pl_000536-Pl_000539), X.com (formerly Twitter) (**Ex. I**, Pl_000541), NamePros.com (**Ex. J**, Pl_000089), and lichess.org (**Ex. K**, Pl_000086). Other users on X.com referred to Mr. Blair as "Lambo." **Ex. L**, at Pl_000533-Pl_000535. On September 17, 2020, after Mr. Blair acquired <lambo.com> and |

| | |
|---|---|
| 1 | years before Defendant submitted its complaint to WIPO, Mr. Blair made a post on NamePros.com, titled as "I am Lambo, Q&A Anything with Me." *See* **Ex. N**, Pl_000641-Pl_000646 (the "Q&A Post"). In this post, Mr. Blair offered to share information about himself and his experiences with domain names. Users under the Q&A Post greeted and recognized Mr. Blair as "Lambo." *See id*. In response to the question "Why lambo name?", Mr. Blair stated "I'm gonna moniker a dotcom of mine, otherwise what kind of domainer would I be?!". **Ex. F**, Pl_000378. |
| | Mr. Blair has created an iconography in connection with "Lambo" as a stylized lamb with protruding blue brain, as shown as his profile picture in the Q&A Post. Blair Aff. ¶ 17. Mr. Blair has consistently used the stylized lamb icon in connection with his online moniker "Lambo" on different Internet platforms, including WhatsApp, Telegram, and NamePros.com, since late 2019. *See* **Exs. F-I**; Blair Aff. ¶ 17. Mr. Blair is known by the Lambo moniker in the field of domain name investment and development. Mr. |

| | | |
|---|---|---|
| 1<br>2<br>3<br>4<br>5 | | Blair is also frequently addressed as "Lambo" among friends and family, including his father. *See* **Ex. L**, Pl_000533-Pl_000535; Pl_000545-Pl_000547; Blair Aff. ¶ 23. |
| 6<br>7<br>8<br>9<br>10<br>11<br>12<br>13<br>14<br>15<br>16<br>17<br>18<br>19<br>20<br>21<br>22<br>23<br>24<br>25<br>26<br>27<br>28 | 10. Mr. Blair has not used the disputed domain. ECF No. 21, ¶ 11. | **Disputed.** Mr. Blair acquired <lambo.com> as part of his domain name portfolio. He maintains a portfolio of about 130 domain names, some of which he develops. *See* **Ex. A**, at Attachment 1; *see also* Blair Aff. ¶¶ 1, 3-5. Mr. Blair acquired the domain name <Lambo.com> as he saw it as a brandable, pronounceable, single-word dot-com domain name, which he initially thought would be a good name for subsequent development. *See* Blair Aff. ¶ 8. Mr. Blair planned to develop <lambo.com> into an active website, and he completed a WordPress installation and a landing page on May 2, 2019. *See* **Ex. C**, Pl_000009; *see also* Blair Aff. ¶ 13. Mr. Blair subsequently decided to remain focused on developing another website at <ceec.com> due to limited personal capacity, and to resume development of <lambo.com> at a later date. Blair Aff. ¶ 14. Mr. Blair plans to build <lambo.com> |

| | |
|---|---|
| | into a blog and Ceec founder's website once <Ceec.com> reaches certain development milestones. Blair Aff. ¶¶ 14, 15.<br>Over time, Mr. Blair started to view <lambo.com> as something more than a collected item in his portfolio—he sees the name "Lambo" as a perfect encapsulation of his identity and ethos. Blair Aff. ¶ 9. Starting around October 2019, Mr. Blair adopted "Lambo" as his online *nom de guerre*. *See* Blair Aff. ¶¶ 9, 16; *see also* **Ex. F**, Pl_000378; **Ex. G**, Pl_000548; **Ex. H**, Pl_000536-Pl_000539; **Ex. I**, Pl_000541; **Ex. J**, Pl_000089. As described and stated above, Mr. Blair is, in fact, known in the domain industry as "Lambo" and "Lambodotcom." *See* **Ex. N**, Pl_000641-Pl_000646. |
| 11. Mr. Blair has admitted that he "initially planned on developing a website at [<lambo.com>]" but "[t]hose plans were subsequently delayed and abandoned." ECF No. 21, ¶ 11. | **Undisputed.** |
| 12. On April 29, 2022, Lamborghini filed a Complaint with the WIPO Arbitration and Mediation Center (the "Center") seeking a transfer of domain | **Undisputed.** |

| | | |
|---|---|---|
| | name <lambo.com> under the Uniform Domain Name Dispute Resolution Policy. See Ex. F, WIPO Decision. | |
| | 13. On August 3, 2022, the panel determined that the <lambo.com> domain was confusingly similar to the LAMBORGHINI mark and that Blair was using the mark in bad faith. The panel ordered Blair to transfer the domain to Lamborghini. See Ex. F, WIPO Decision. | **Undisputed** that a majority of the panel so ruled**.** |
| | 14. After Lamborghini filed its WIPO complaint, Mr. Blair redirected visitors to <lambo.com> domain to a third-party website wherein Mr. Blair stated, among other things, that he would "defend, defeat, and humiliate" Lamborghini, accused Lamborghini of "theft," and provided a link to the UDRP proceedings. Ex. G (showing the redirection page); Ex. H (showing the page that <lambo.com> redirected to). | **Undisputed.** |
| | 15. Mr. Blair has and continues to offer to sell the disputed domain to third parties for financial gain. Ex. E, Pl_000600; Ex. I, Pl_000609. | **Disputed.** Mr. Blair listed <lambo.com> for increasingly exorbitant prices to discourage people from making offers to purchase the domain name, as the domain name became more valuable to him as an integral part of his identity. *See* Blair Aff. ¶ 26. Many people have inquired about |

|  |  |
|---|---|
|  | purchasing <lambo.com>, which is demanding Mr. Blair's time and attention. *See* Blair Aff. ¶ 27. Unsolicited bidders even started transactions on Escrow.com without his agreement. *See* Blair Aff. ¶ 27. As he explained in the Q&A Post, years before Lamborghini initiated UDRP proceedings against him, "[n]ot all my domains are actively for sale really, I do incubate, nurture and build too." *See* **Ex. M**, Pl_000377-Pl_000378. Mr. Blair received many inquiries from third parties, seeking the asking price of <lambo.com>. Although he has responded to some offers to purchase <lambo.com>, none of his responses have been serious – they have been for the purpose of deterring the inquiring party. Blair Aff. ¶ 28. Mr. Blair has never made any effort to negotiate a sale of the domain name. *Id.* |
| 16. At least as early as August 6, 2020, Mr. Blair listed the disputed domain for sale for a price of $1,129,298.00. Ex. J. | **Undisputed.** |
| 17. At least as early as December 23, 2020, Mr. Blair listed the disputed domain for sale for a price of $1.5 million. Ex. K, Pl_000589. | **Undisputed.** |

| | |
|---|---|
| 18. At least as early as January 27, 2021, Mr. Blair listed the disputed domain for sale for a price of $3.3 million. Ex. L, Pl_000590. | **Undisputed.** |
| 19. At least as early as September 23, 2021, Mr. Blair listed the disputed domain for sale for a price of $12 million. Ex. M. | **Undisputed.** |
| 20. At least as early as August 11, 2022, Mr. Blair listed the disputed domain for sale for a price of €50 million. Ex. N. | **Undisputed.** |
| 21. At least as early as September 7, 2023, Mr. Blair listed the disputed domain for sale for a price of $75 million. Ex. O. | **Undisputed.** |
| 22. The disputed domain is currently listed for sale for $75 million. Ex. P. | **Undisputed.** |
| 23. Mr. Blair has received offers from others seeking to buy <lambo.com>. Ex. Q, Pl_000571; Ex. R, Pl_000583. | **Undisputed.** |
| 24. In an email dated January 6, 2021 in response to an opening offer of $100,000, Mr. Blair notes that the "reserve" price for <lambo.com> is $888,888. Ex. S, Pl_000595. | **Disputed.** Mr. Blair did not respond to the offer. Rather, he informed the founder and CEO of epik, Rob Monster, that the "reserve" price for the domain name was $888,888. Ex. S to Defendant's Rule 56.1 Statement (ECF No. 57-19), Pl_000595 at 1. |
| 25. In email correspondence from September 20, 2021, Mr. Blair tells a prospective buyer that the "asking price | **Disputed** to the extent that there is no evidence that the person who inquired of Mr. Blair was a prospective buyer. |

| | | |
|---|---|---|
| 1<br>2 | for Lambo.com is USD $12m." Ex. E, Pl_000600. | |
| 3<br>4<br>5<br>6<br>7<br>8 | 26. On April 17, 2023, in responding to an offer to buy the domain for $50,000,000, Mr. Blair tells the prospective buyer that he "would be agreeable to a near all cash offer if ready to close." Ex. I, Pl_000609 at 2. | **Disputed.** No offer to buy the domain for $50,000,000 was ever made. Further, the quoted statement from Mr. Blair was sarcasm. Mr. Blair was not being serious when he mentioned being amenable to a near all-cash offer of $50 million from someone he believed to be a time waster. *See* Blair Aff. ¶ 29. Following Mr. Blair's response, the prospective buyer stated "What sort of price are you looking for? I am liquid but 50m is super crazy haha." Ex. I to Defendant's Rule 56.1 Statement (ECF No. 57-9), Pl_000609 at 1. Mr. Blair responded "I understand. Thanks anyway for your interest and best wishes." *Id.* at 1. The prospective buyer replied, "What's your best price? I am super interested." Mr. Blair terminated the conversation. *Id.* at 1. Mr. Blair provided such responses to discourage prospective buyers from bidding on <lambo.com>. *See* Blair Aff. ¶ 29. |
| | 27. The LAMBORGHINI mark is distinctive and famous. Ex. A, Lamborghini_0000002. | **Undisputed.** |

| | |
|---|---|
| 28. The term "lambo" is confusingly similar to the LAMBORGHINI mark. *See* Ex. T, April 9, 2024 Status Conference Transcript 18:2-7 (conceding that "lambo" "is a term that is commonly associated with the Lamborghini car; and so from the context of an ACPA claim, I tend to agree with Mr. Nowak that it is likely that the confusing similarity threshold would be met."). | **Undisputed.** |

**Plaintiff's Additional Statements of Fact:**

29. Mr. Blair acquired the domain name <Lambo.com> because it was a brandable, pronounceable, single word dot com domain name, which he thought would be a good name to develop. It had nothing to do with Lamborghini. *See* Blair Aff. ¶¶ 8, 32.

30. Prior to acquiring the domain name <lambo.com>, as his usual practice, Mr. Blair conducted a search for "lambo" with various search engines, including LinkedIn, the OpenCorporates website, the USPTO, and DotDB.com. *See* Blair Aff. ¶ 10. Mr. Blair did not encounter any live marks registered to Lamborghini. *See* Blair Aff. ¶ 10. He did encounter a number of third-party uses of "Lambo" and several registered trademarks for various uses across industries. *See* Blair Aff. ¶ 10.

31. Based on this search, Mr. Blair concluded that "Lambo" was a common term, which is generic and available for various uses across industries. *See* Blair Aff. ¶ 10.

32. Mr. Blair did not register the domain name with the intent to sell it to Lamborghini, and has never offered to sell the domain name to Lamborghini. *See* Blair Aff. ¶ 32.

33. Mr. Blair did not use the domain name to divert users searching for Lamborghini to a website with pay-per-click ads. *See* Blair Aff. ¶ 33.

34. Mr. Blair did not register the domain name to prevent Lamborghini from representing its trademark – which is LAMBORGHINI – in a domain name. *See* Blair Aff. ¶ 34.

35. Lamborghini does not use "Lambo" as a trademark, and does not own a registration for a Lambo mark in the United States. Lamborghini sells cars branded as "Lamborghinis," not "Lambos." *See* **Ex. O**, LAMBORGHINI_0000001-0000030; *see also* Blair Aff. ¶ 35.

36. Mr. Blair had an early plan of developing the <Lambo.com> website. He completed a WordPress installation and a landing page on May 2, 2019. *See* Blair Aff. ¶ 13. Mr. Blair subsequently decided to remain focused on developing another website at <ceec.com> and resume development of <lambo.com> at a later date. *See* Blair Aff. ¶ 14. Mr. Blair completed developpting <ceec.com> on May 10, 2024, and the website shows that it was built by "Lambo." *See* Blair Aff. ¶ 14; see also, **Ex. D**, Pl_000087-Pl_000088; **Ex. E**. Mr. Blair plans to develop <lambo.com> into a blog and Ceec founder's website once <Ceec.com> reaches certain development milestones. *See* Blair Aff. ¶ 15.

37. Mr. Blair chose and adopted Lambo as a moniker because the name "Lambo" resonated with him on a personal level and perfectly encapsulated his identity and ethos. Blair Aff. ¶ 9. He also felt that he should use one of his domain names to illustrate how domain names could be used as online identities. *See* Blair Aff. ¶ 16; **Ex. F**, Pl_000378.

38. Mr. Blair was drawn to the name "Lambo" as a play on the word "Lamb," with an outlier generic aptitude and intelligence, hence "Lamb-O." *See* Blair Aff. ¶ 16.

39. Mr. Blair listed <lambo.com> for increasingly exorbitant prices to discourage people from inquiring or offering to purchase the domain name. Some inquirers have even started transactions on Escrow.com without his agreement to sell the <lambo.com> domain name. Mr. Blair listed the domain for increasingly high prices to deter unwanted offers and transactions. *See* Blair Aff. ¶ 27.

40. Mr. Blair has assigned it the highest price among all his domain names, as <Lambo.com> is integral to his identity and has become his *nom de guerre*. *See* Blair Aff. ¶ 26.

41. Mr. Blair has invested in domain names since 2009. *See* Blair Aff. ¶ 1. In the past six years, he has financed and project-managed an international team building internet gateway and search engine. Prior to this, Mr. Blair was a professional coin dealer for ten years specializing in modern Chinese numismatics. *See* Blair Aff. ¶ 2. Mr. Blair has developed several domain names that he acquires, such as <ChineseCoins.com>, <Coinex.com>, <Datafeed.com>, <Sociology.com>, and <Ceec.com>. *See* Blair Aff. ¶ 1.

42. Mr. Blair maintains a portfolio of about 130 domain names, which he assigns different values to as he sees fit. Mr. Blair has different plans for different domain names—whether for sale, for development, or for long-term possession. *See* Blair Aff. ¶ 3; **Exs. A. B**.

43. Mr. Blair's domain name portfolio includes short domains with randomized combinations of letters or numbers, such as <11215.com>, <wywy.com>, <ceec.com>, and <nyip.com>. It also includes combinations of commonly-used words, such as <AsbestosLitigation.com>, <Babywalker.om>, <ComputerCase.com>, <InternetFilter.com>, <CigarRoller.com>, <FlyerDesign.com>, <InvestorList.com>, and <LoveDomains.com>. *See* Blair Aff. ¶ 4; *see also* **Exs. A, B**. Mr. Blair's acquisition strategy focuses on common, generic dictionary words and simple alphanumeric combinations chosen for their broad applicability and inherent value as generic terms. *See* Blair Aff. ¶ 5.

44. None of the domain names in Mr. Blair's portfolio infringe on known trademarks. *See* Blair Aff. ¶ 6.

45. Mr. Blair conducts preliminary searches before he acquires a domain name, and he conscientiously avoids any targeting or capitalization on established trademarks, or registering domain names comprising words or phrases that would infringe upon existing

trademarks, which is evidenced by the domain names in his portfolio. *See* Blair Aff. ¶¶ 6, 7, 10; *see also* **Exs. A. B**.

46. Not all of Mr. Blair's domain names that are listed for sale are actually for sale. *See* **Ex. M**, Pl_000377-Pl_000378, the Q&A Post.

47. Mr. Blair has sold domain names for prices ranging from a few hundred dollars to $500,000. *See* Blair Aff. ¶ 30; *see also* **Ex. A** at Attachment 1.

48. Most of these sales were made through commercial domain name resellers, such as Namejet Auction or Domain Agents. *See* Blair Aff. ¶ 31.

49. Mr. Blair lists some of his other domain names for what some might consider exorbitant prices. For example, Mr. Blair lists <dnas.com> for sale for $38,996,555, <cryptocorp.com> for $9,679,721, <newsmedia.com> for $4,355,874, <pharmacore.com> for $1,088,969, and <templarcrown.com> for $3,300,000. *See* Blair Aff. ¶ 24; *see also* **Ex. B**.

50. Mr. Blair has never before been accused of cybersquatting. *See* Blair Aff. ¶ 36.

51. Mr. Blair has never before been a party to a UDRP proceeding. *See* Blair Aff. ¶ 37.

52. Mr. Blair has never been a party to an action under the Anti-Cybersqutting Consumer Protection Act. *See* Blair Aff. ¶ 38.

53. Mr. Blair did not provide false contact information when acquiring the Domain Name. *See* Blair Aff. ¶ 39.

54. Mr. Blair did not fail to maintain accurate contact information for <lambo.com> or any other of his domain names. *See* Blair Aff. ¶ 40.

55. For the times when <lambo.com> was directed to an operating website under construction, Mr. Blair did not provide any false or misleading contact information on the construction page. *See* Blair Aff. ¶ 41; **Ex. C**.

Dated: June 3, 2024

    Brooklyn, New York

                                              Respectfully submitted,

                                              By: _/s/Brett E. Lewis_
                                              Brett E. Lewis, Esq. (*pro hac vice*)
                                              **LEWIS & LIN LLC**
                                              77 Sands Street, 6th Floor
                                              Brooklyn, NY 11201
                                              Tel: (718) 243-9323
                                              Fax: (718) 243-9326
                                              Email: Brett@iLawco.com

                                              *Attorneys for Plaintiff Richard Blair*